**M. D. CRUSE, Sr., et ux., Appellants,**

v.

**Cecil DANIELS et al., Appellees.**

**No. 6611.**

Court of Civil Appeals of Texas.

Amarillo.

June 18, 1956.

Rehearing Denied Sept. 5, 1956.

Huff & Splawn, Lubbock, Billy Hall, Littlefield, for appellants.

M. Hendricks Brown and Chas. J. Murray, Fort Worth, Strasburger, Price, Kelton, Miller & Martin, Dallas, Willard G. Street, Jr., Arthur P. Duggan, Jr., Littlefield, for appellees.

PITTS, Chief Justice.

This is an appeal from a judgment denying appellants, M. D. Cruse, Sr., and wife, Dillie Cruse, any recovery upon a jury verdict for alleged damages in the sum of $40,000 in a suit appellants filed against appellees, Cecil Daniels, C. A. Matthews and Forbes Tatum, seeking such damages by reason of alleged injuries appellants received as a result of a motor vehicle collision occurring on or about September 8, 1954, at approximately 5:20 A.M. o'clock, about one mile east of Sudan in Lamb County, Texas, on U. S. paved highway No. 84 near a point where another road leading north to the stock yards nearby intersects the said highway. The highway where the collision occurred ran primarily east and west, was a straight, level, two-lane highway with a slight downward slope several hundred yards each direction from the point of collision. Appellee, Cecil Daniels, in the course of his employment by appellee, C. A. Matthews, had been operating a large truck with trailer attached loaded with lumber and belonging to C. A. Matthews, traveling east on the said highway when immediately before the collision occurred he had pulled the truck and trailer over to his right and onto the south shoulder of the highway and stopped with the back end of the trailer extending some 24 to 36 inches on the paved part of the said highway. At the same time Harold Randall, an employee of appellee, Forbes Tatum, while in the course of his employment, was operating a large truck with trailer attached belonging to Tatum and was traveling west on his own right hand side of the said highway near the point of collision and had begun to turn his truck to his right off of the said highway and onto the road intersecting the highway and leading to the stock yard north of the highway, which stock yard was to be the destination of the Tatum truck at the time. There was a third truck headed west but parked in the bar ditch with its headlights on, situated south of the highway and along the south side of the Matthews truck being operated and controlled by Daniels. Immediately before the collision appellant, M. D. Cruse, Sr., was operating his 1952 Ford automobile east on his right hand side of the highway approaching the trucks mentioned and the point of collision from the west with his wife, appellee, Dillie Cruse, riding by his side in the seat with him. The weather was fair and it was still dark in the early morning. All of the motor vehicles mentioned had their lights turned on. Immediately after appellants drove past the top of the slope several hundred yards west of the trucks mentioned and the point of collision, they could see the truck lights. Appellee, Dillie Cruse, saw the motor vehicle lights "all bunched up" ahead of them and "didn't know what was wrong" but she remarked to her husband "there must be some trouble." However, appellants proceeded east on the highway until their automobile collided with the back end of the trailer attached to the truck owned by Matthews and being operated by his employee, Daniels. The collision resulted in the alleged personal injuries of appellants and the damages done to their automobile.

The case had been previously tried when appellants were denied any recovery upon a jury verdict and at which time Forbes Tatum was not then made a party to the suit. The trial court granted a new trial because of some alleged irregularities separately and apart from the trial procedure or the jury verdict. Appellants thereafter amended their pleadings and made Forbes

Tatum a party defendant. The case was then again tried to a jury which found that under all of the facts and circumstances Cecil Daniels was negligent in leaving a portion of the Matthews truck-trailer extending on a portion of the paved highway and that such was a proximate cause of the collision. The jury further found in effect that the Matthews truck and trailer being operated by Daniels had lights on the rear thereof visible for a distance of 500 feet away and it further found in effect that there existed a clear and unobstructed space with sufficient width for other vehicles to pass on the highway between the Matthews truck and trailer and the Tatum truck and trailer. The jury also found that appellant, M. D. Cruse, Sr., was guilty of four separate acts of contributory negligence, each of which was found to be a proximate cause of the collision, namely: failure to keep a proper lookout, driving at an excessive speed rate under the circumstances, failure to apply his brakes and a failure to heed the warning of his wife, Dillie Cruse, when she warned him there appeared to be trouble ahead of them. The jury likewise found it was not an unavoidable accident.

■ The trial court rendered judgment accordingly against appellants and for appellees from which judgment appellants appealed and have predicated their appeal upon seven points of error. Nowhere have appellants challenged by a point of error any jury finding. Points of error are an indispensable part of a brief on appeal and an alleged error not embraced in any point of error should not be considered. Wagley v. Fambrough, Tex.Civ.App., 163 S. W.2d 1072, affirmed 140 Tex. 577, 169 S. W.2d 478.

■ In Point One appellants charge error was committed because the trial court granted an instructed verdict for appellee, Forbes Tatum, and they claim that the evidence raised issues of fact against Tatum and that when such evidence was removed from the consideration of the jury by giving an instructed verdict for Tatum, their rights were prejudiced as against the other appellees. The record reveals that the case was submitted to the jury without mentioning Forbes Tatum or his employee, Harold Randall. The trial court's judgment reveals that it sustained the motion of Forbes Tatum for an instructed verdict and thereby denied any recovery as against him, but we have failed to find in the record any such instruction given to the jury or any jury verdict in compliance therewith on behalf of appellee, Forbes Tatum, or any withdrawal of any of the evidence concerning the acts and conduct of the driver of Forbes Tatum's truck from the consideration of the jury. By its acts the trial court found there existed no evidence of probative force raising any issue as against appellee, Forbes Tatum. Appellants contend that Tatum's employee and driver of his truck, Harold Randall, failed to keep a proper lookout and failed to use all of the means at his command under the doctrine of discovered peril to prevent the collision. But appellants proved by their witness, Harold Randall, that he was driving the Tatum truck, meeting appellants' approaching automobile, on his own side of the highway, turning to his right off of the highway north onto an intersecting road leading to the stockyards only a short distance from the point of collision when appellants crashed their automobile into the rear of the Matthews trailer attached to the truck and caused their own injuries without touching the Tatum truck or trailer. There was nothing Harold Randall could have done under the doctrine of discovered peril to have prevented the collision or injuries. Appellants also proved by Randall that he was in his proper place on the highway and assuming that he may have failed to keep a proper lookout, such could not have aided or prevented the occurrence of the collision. Appellants also say that the bright lights on the approaching Tatum truck blinded them as they approached and appellant, M. D. Cruse, Sr., the driver of their automobile, testified that the said lights blinded

him instantly or "only a breath" before the collision occurred. However, appellants proved by Harold Randall that he dimmed his headlights soon after he topped the hill several hundred yards east of the point of collision and as soon as he saw the headlights of other approaching motor vehicles. They likewise proved by him that he was in the position of turning his truck north off of the highway when the collision occurred, in which event his headlights would have shined north of the highway and not toward appellants as he turned. The record reveals that appellants presented for submission requested special issues concerning the failure of Tatum's driver, Harold Randall, to keep a proper lookout and his failure to use all means at his command under the doctrine of discovered peril and such were refused by the trial court, but we are unable to find in the record any requested issues presented by appellants about bright lights or Randall's failure to dim his lights and the corollary issues in connection therewith as provided for in Rule 279, Texas Rules of Civil Procedure. In appellants' exceptions and objections to the court's charge they state, in paragraph 18 thereof and on page 44 of the transcript, that they would request such issues but we have failed to find such in the record and none has been pointed out to us. Appellants proved by Randall that he dimmed his lights and such testimony was not contradicted although appellants testified they saw bright lights instantly before the collision occurred. In any event, the seeing of bright lights instantly before the collision occurred could not have caused the contributory negligence of M. D. Cruse, Sr., when he, according to the unchallenged jury findings, was driving at an excessive rate of speed immediately before the collision and failed to keep a proper lookout, to apply his brakes, or to heed the warning of danger his wife gave him as they approached the scene of the collision when there were lights on the back of the trailer he collided with visible for 500 feet and there was sufficient room for him to have driven on the highway between the trucks if he had been keeping a proper lookout. For all these reasons appellants' Point One is overruled.

In Point Two, appellants complain because the trial court refused to give their special requested issue inquiring if appellant, M. D. Cruse, Sr., was acting in an emergency at the time and immediately prior to the collision, together with the requested explanatory instructions, both presented in the following language:

> "Do you find from a preponderance of the evidence that Mr. M. D. Cruse, at the time of the collision and immediately prior thereto was acting in an emergency? You will answer 'Yes,' or 'no.'
>
> Answer: ———————
>
> "You are instructed that by the term 'emergency' as used herein is meant acts of M. D. Cruse, Sr., which called for immediate action on his part without time for consideration."

In our opinion, the evidence does not reveal the existence of an emergency under the provisions of the next case herein cited. Appellants approached a truck meeting them but turning off of its proper side of the highway, another truck and trailer stopped partly on the highway and facing the same direction they were traveling but had their rear lights on visible 500 feet in the direction of appellants' approach. There was room for appellants to have driven on the highway between the two trucks. According to the uncontroverted evidence supported by the jury verdict no moving vehicle was endangering appellants except their own speeding automobile which could have slowed down by the use of the brakes and would have slowed down and kept a proper lookout if appellant, M. D. Cruse, Sr., had heeded the warning of his wife. According to the unchallenged jury findings the primary dangers existing immediately before the collision and the

collision itself were caused by the negligent acts of appellant, M. D. Cruse, Sr.

 Assuming that appellants were entitled to a charge on emergency, before they could complain they must have presented to the trial court an issue, together with explanatory instructions, in substantially correct wording, Rule 279. An examination of appellants' requested explanatory instruction fails to meet the requirements of the law when compared with a proper instruction shown by the Supreme Court in the case of Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386, 388, in the following language:

> " 'By the term "emergency", as used in this charge, is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission of the person in question and which calls for immediate action on his part and without time for deliberation.' "

In the requested instruction, appellants say "emergency" means "acts of M. D. Cruse, Sr., which called for immediate action on his part without time for consideration," while the Supreme Court says " 'the term "emergency" * * * meant a condition arising suddenly and unexpectedly and *not proximately caused by any negligent act or omission of the person in question* * *." (Emphasis ours.) In their requested instruction appellants omitted the vitally important language previously quoted from the correct form approved by the Supreme Court. Such is particularly important since the evidence revealed to the satisfaction of the jury in the case at bar that "the person in question" referred to in the proper instruction of the Supreme Court (appellant, M. D. Cruse, Sr.,) had been guilty of four acts of contributory negligence. In our opinion, appellants' requested instruction was in any event fatal for which reason they should not have been heard to complain.

 In Points Three and Four, appellants complain because the trial court held that appellants could not ask the witness, Harold Randall, leading questions because he was their own witness and not an adverse witness by reason of his being an employee of appellee Tatum and they further complain because the trial court permitted the introduction of only a part of an answer given by the said witness to a question propounded to him in his deposition. Rule 182 authorizes the calling of an adverse party to a suit as a witness without being bound by his adverse testimony. It also authorizes the calling of a proper agent of a corporation which is an adverse party to a suit without being bound by his adverse testimony. Such rule authorizes the asking of leading questions addressed to such adverse witnesses. It has likewise been held that leading questions may be asked a hostile witness. In the case at bar, no corporation is a party to the suit, and Forbes Tatum is particularly not a corporation. Tatum was likewise called by appellants but as an adverse witness and properly so. Appellants took the deposition of Harold Randall who is not a party to this suit and offered his testimony by deposition in evidence, claiming that he was an adverse witness because he was an employee of appellee, Forbes Tatum. While appellants do not claim that Harold Randall was a hostile witness, the trial court held, and we think properly so, that he answered all questions fairly and was not therefore a hostile witness. The trial court further held that he was the witness of appellants as to his testimony they sought to introduce and that appellants were not permitted to ask the witness leading questions and then seek to introduce his testimony given in response to such leading questions they propounded to him. In our opinion, the holdings and rulings of the trial court in these matters were correct. Clary v. Morgan Motor Co., Tex.Civ.App., 246 S.W.2d 936; Western Cotton Oil Co. v. Mayes, Tex.Civ.App., 245 S.W.2d 280; Dollahite-Levy Co. v. Phillips, Tex.Civ.

**622**

App., 99 S.W.2d 688. In any event, the first part of appellants' complaint here made is without merit because there is no showing in the record what the answers of the witness, Randall, would have been to the leading questions propounded to him. Bradford v. Magnolia Pipe Line Co., Tex.Civ. App., 262 S.W.2d 242 and other authorities there cited.

■ As to the second part of appellants' complaint here made, they sought to offer in evidence a question and answer thereto which question appellees asked the witness, Harold Randall, upon cross examination by deposition in the following language:

"All right, now, there was plenty of room for the Cruse car to go between the other truck and your truck, wasn't there?"

to which the witness replied in that portion of his answer admitted in evidence:

"Yeah, I tell you, if they wanted to get through, they could have got through, but you know at that time of morning—"

The witness started to voluntarily answer further when an objection was made by appellees to the effect that the first part of the answer above given was a full and complete answer given to the question propounded and the further statement sought to be volunteered by the witness would not be in response to the question. The trial court sustained appellees' objections and did not permit the introduction of the remainder of the answer sought to be voluntarily given by the witness for the reasons stated by appellees in their objection made. The remainder of the answer sought to be voluntarily given by the witness was as follows:

"but you know, that time of morning or night, the first thing, look up and see a bunch of lights—of course, I don't know, now."

In our opinion, the trial court properly sustained appellees' objections and excluded that latter portion of the answer sought to be voluntarily given by the witness because the first part fully answered the question and the latter part was not in response to the question propounded. Rule 214.

■ In Point Five, appellants charge error was committed by the trial court in allowing appellees' Request for Admission No. Two previously made upon appellants by appellees to and through appellants' former attorney who represented them at the former trial but who did not represent them at the last trial is not representing them now. Appellants contend that the request made was not a proper request for an admission of fact and that the trial court further erred in admitting only a part of the reply made. Appellees contend that the request was a proper one as authorized by Rule 169 as the same has been construed by the court in the case of Mosby v. Texas & P. Ry. Co., Tex.Civ.App., 191 S.W.2d 55 and other authorities there cited. Appellees' Request for Admission No. Two presented to appellants' former attorney asked if appellant, Mrs. Dillie Cruse, were present and testifying at the time of the trial would she testify substantially as follows:

"I do remember that prior to the collision and as we drove on the Highway east of Sudan, either Mr. Cruse or I one mentioned that there were a great number of lights in the road and that perhaps there might have been a wreck."

In response thereto appellants' former counsel answered under oath as follows:

"In reply to Defendants' statement of fact No. 2, the Plaintiff admits Request No. 2, * * *"

Then appellants sought to add the following statement thereto:

"* * * with the further addition that Mrs. Cruse would testify that her

husband had started to stop, that is, that he had let up on the foot feed, but had not applied the brake."

Appellees objected to the latter statement as not being responsive to the Request for Admission No. 2 which had already been fully answered. In our opinion, the latter statement sought to be added in reply to a full answer already given to appellees' Request for Admission No. 2 by appellants' former counsel was properly excluded by the trial court upon appellees' objection made thereto. In any event, no reversible error has been shown by the admission made by appellants' former counsel to appellees' Request for Admission No. 2 because appellant, Mrs. Dillie Cruse, did attend the trial and did there give testimony on direct examination substantially the same as the said admission previously given under oath by her former counsel thus eliminating any possibility of any harmful error.

In Point Six, appellants complain because the trial court permitted appellees, Daniels and Matthews, to have six jury challenges and appellee Tatum to have six jury challenges, making a total of twelve jury challenges for all appellees as party defendants, contending that such prejudiced appellants' rights in the trial. Appellants have not challenged by a point of error any jury finding, have not complained that any particular juror was undesirable and have not pointed out any particular prejudice of their rights by reason of the twelve jury challenges allowed appellees. Rule 233 says: "Each party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court". Such rule was taken unchanged from Article 2118, Vernon's Ann. Civ.St. It has been properly held that party defendants who have identical interests and a common defense in a suit such as Daniels and Matthews had in this suit shall be considered as one party and shall be entitled to only six jury challenges as Matthews and Daniels had in this suit. But when there is a diversity of interest between codefendants, as there was between Tatum and the other two defendants under the pleadings presented in this suit, each party defendant is entitled to have six separate jury challenges. Ralston v. Toomey, Tex.Civ.App., 246 S.W.2d 308; Edwards v. West Texas Hospital, Tex.Civ. App., 107 S.W.2d 729. In the case at bar, appellants pleaded separate acts of negligence against appellee, Daniels, as the agent and employee of Matthews, as compared with other and different alleged acts of negligence against Harold Randall, the employee of Tatum. The drivers of the two trucks in question, Daniels and Randall, were therefore charged of being guilty of separate acts of negligence which proximately caused the collision. Each party was required to defend against separate alleged acts of negligence pleaded against them respectively and they did so by filing separate answers and were represented by separate counsel, who filed separate briefs in this court. Consequently, their interests were not identical but there was a diversity of interest and they were each, as separate party defendants, entitled to six jury challenges under the provisions of Rule 233 and the authorities heretofore cited. Of course all appellees pleaded contributory negligence of appellant, M. D. Cruse, Sr., and established such to the satisfaction of the jury but such did not change the application of Rule 233.

Appellants charge error in their Seventh and final Point which is an over-all complaint, charging that all previously alleged errors cumulatively constitute reversible error if no one or more of them does. But we do not so find and such point is overruled.

Assuming, however, that error has been shown, the burden was then upon appellants to show from the record as a whole that such alleged error or errors committed by the trial court amounted to

such a denial of rights of appellants as were reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860. In the case at bar it is our opinion that appellants failed to discharge such burden and the error or errors committed, if there be such, are not reversible in any event.

For the reasons stated appellants' points of error are all overruled and the judgment of the trial court is affirmed.