142 So.2d 775 (1962)
Francis P. BAILEY, Jr., et al., Appellants,
v.
Mabel R. DEVERICK and Ida Velna Tracey Ridge, Appellees.
No. 2667.
District Court of Appeal of Florida. Second District.
June 27, 1962.
*776 William L. Stewart of Stewart & Stewart, Fort Myers, for appellants.
John M. Hathaway and Walter R. Condon, Punta Gorda, for appellees.
SMITH, Judge.
This is an action in ejectment. Two brothers, Frank P. Bailey and E.R. Bailey, were the owners of record as tenants in common of the property involved in this action. Frank P. Bailey died intestate, leaving as his heirs at law, Francis P. Bailey, Jr., Sam Bailey and John Bailey. The latter are three of the plaintiffs who are appellants here. E.R. Bailey died testate, and Charlotta Mathews, Young Men's Christian Association, a non-profit corporation, and the Protestant Episcopal Theological Seminary of Virginia, a non-profit corporation, are the residuary devisees under his will. They are the remaining plaintiffs and appellants. The defendants (appellees) are mother and daughter, who claim title to the property by virtue of adverse possession under color of title.
In the course of empaneling the jury, the record shows the following:
"Let the record show that the Defendants have previously used three challenges and that the Defendants now challenge pre-emptorily Mrs. Bacock to which Plaintiffs object on the grounds that the Defendants have used all of their pre-emptory challenges that are granted to them by law.
"THE COURT: The Court overrules the objection and rules each side has nine pre-emptory challenges."
The empaneling was resumed, and the plaintiffs exercised seven peremptory challenges and the defendants exercised nine. The jury was accepted by all of the parties; and at the conclusion of the trial, it rendered a verdict in favor of the defendants. The plaintiffs appeal from the final judgment assigning as error, among other things, the ruling of the court allowing both sides nine peremptory challenges.
Section 54.11, Florida Statutes, F.S.A., grants the right of peremptory challenges of jurors. This section has been comprehensively analysed in Utilities Service, Inc. v. Replogle, Fla.App. 1959, 110 So.2d 438, holding that when several persons whose interest are common are joined on either side of a civil action, they should be treated as but one party within the meaning of the statute. The interest of persons on the same side of an action must be essentially or potentially different or hostile to give each such litigant the number of peremptory challenges allowed to a party.
*777 In this case, the interests of all of the plaintiffs were common, the interests of the defendants were common, and therefore the plaintiffs were entitled to three peremptory challenges and the defendants were entitled to the same number. The fact that there were three different attorneys, each separately representing certain of the plaintiffs, was immaterial. There was no showing of divergence involving potential conflicts or the existence of present or inevitable hostility between the parties. We now proceed to determine whether or not the error was prejudicial requiring reversal or was it merely harmless error.
In Seaboard Air Line Ry. Co. v. Parks, 1925, 89 Fla. 405, 104 So. 587, the court held that it was reversible error to limit the defendants to three peremptory challenges when they were entitled to six, and in Williams v. Pichard, 1942, 150 Fla. 361, 7 So.2d 468, the court held that it was reversible error for the court to allow more than the three peremptory challenges to which each side was entitled. In analysing the effect of these two decisions, it must be noted that at the time of each, the statute permitted a condition whereby multiple parties on one side with divergent interests could have more challenges than the other side, so that in each of these decisions the parties lost an advantage given by statute. The 1949 amendment to the statutes had the effect of equalizing the number of challenges allowed each side, and we are, therefore, of the view that these decisions do not control our question of reversible error.
Seldom, if ever, will excusal of a juror constitute reversible error for the parties are not entitled to have any particular juror serve. They are entitled to have only qualified jurors. No complaint is made here that the jurors who served were not qualified. Piccott v. State, Fla. 1960, 116 So.2d 626.
Under the general rule that error in a matter concerning a jury must be prejudicial to be reversible, the allowance of an excessive number of peremptory challenges is not a ground for a reversal of the judgment based upon the verdict rendered where it appears that the jury was impartial. 31 Am.Jur., Jury § 234, p. 197; Kunk v. Howell, 1956, 40 Tenn. App. 183, 289 S.W.2d 874, 73 A.L.R.2d 1304. The error was harmless.
There was substantial competent evidence of facts upon which the jury could have found as they did, that title was vested in the defendants by adverse possession under color of title. The jury resolved the conflicts in the evidence, and the judgment, therefore, is affirmed.
Affirmed.
SHANNON, C.J., and STEPHENSON, GUNTER, Associate Judge, concur.