Opinion by
Mr. Justice McWilliams.
The real issue posed by this writ of error is to what extent, if any, the plaintiff in error may obtain a truly complete review, on the merits, of the several matters which she now urges as error committed by the trial court, when the record on error does not contain a transcript of the testimony given upon trial.
The record on error before us does not contain the *113 reporter’s transcript and consists primarily of the various pleadings filed by the parties, all certified by the clerk as being true and correct copies of the “original filings in my custody.” Also contained in the record on error are copies of some written interrogatories and the answers thereto. There being no reporter’s transcript, we are accordingly unable to determine what use, if any, was made of these interrogatories upon trial. A veritable bundle of exhibits was also brought to this court, but again without a reporter’s transcript of what transpired at the trial of the matter we are simply unable to tell whether a given exhibit, for example, was offered into evidence, and if offered, whether it was received or rejected by the trial court.
Counsel for the plaintiff in error purposely omitted designating the reporter’s transcript as a part of the record on error. In this regard counsel states that he desired to spare his client what he felt was an unnecessary expense, inasmuch as he was of the view that the matters which he sought to raise in this court could be reviewed on the basis of a record which did not include any of the testimony given upon trial of this matter. Let us see.
Price and Lammerts, hereinafter referred to as the plaintiffs, brought a suit against Viola May Lively and Bobbitt Realty, Inc., seeking the cancellation of a note in the amount of $50,000 and the release of a certain deed of trust, both instruments having been previously given Lively by the Clarks, the Clarks being the plaintiffs’ predecessors in title to a tract of land in Jefferson County consisting of some 533 acres. By agreement of the parties the deed of trust was subsequently released and an appropriate bond conditioned upon the ultimate outcome of this litigation substituted therefor. As concerns the claim for cancellation of the note, after a trial of several days duration the trial court found for the plaintiffs and entered a judgment and decree cancelling *114 the note here in question. Lively now seeks reversal of the judgment thus entered.
In the complaint it is alleged that the Clarks bought certain described land from Lively for the sum of $375,000 and that at the time this sale was consummated a dispute arose as to Lively’s storage rights, if any, in Pomona Reservoir No. 1 located on the tract of land purchased by the Clarks from Lively. According to the complaint, the Clarks thought that Lively owned one-half of the storage capacity of the reservoir and that as a part of the transaction they were to acquire Lively’s right to storage in the reservoir. However, and again according to the complaint, it developed that Lively had no record interest in the storage capacity of the Pomona Reservoir. It was in this circumstance, then, that the Clarks and Lively entered into a supplemental letter agreement, which letter agreement was attached to the complaint and was purportedly signed by Lively and the Clarks.
This letter agreement read, in part, as follows:
Prior to the closing of the transaction, it developed that a misunderstanding existed between us insofar as certain water rights in Pomona Lake or Reservoir No. 1 were concerned. It was your understanding that we were the owners of an undivided one-half interest in the storage rights in this reservoir and that the title policy to be furnished you would evidence that ownership. The title policy as prepared under the binder furnished by the Stewart Title & Guaranty Company does not cover the water or water rights owned by us and there has not been furnished to you any record evidence of our ownership of these storage rights in the lake or reservoir, and it was our understanding of the transaction that while we did own certain storage rights they were not as important a part of the transaction as they now appear to be.
In consideration of the closing by you of the trans *115 action as of this date and subject to your acceptance and approval hereof, we agree as follows:
1. To deposit with the escrow holder hereinafter named, the $50,000 note this day executed by you and delivered to us.
2. We will proceed with due diligence to establish of record our ownership of one-half of the storage capacity of Pomona Reservoir No. 1 and when so established, to forthwith transfer and convey the same to you;
3. When our ownership thereof is thus established and conveyed to you, the note shall be released from the escrow and redelivered to us;
4. If said ownership is not so established and conveyed to you by the maturity date of the note, then the said note shall be delivered to you and be considered fully paid.”
This letter agreement also contained an arbitration clause, and much of the present controversy centers around this arbitration clause. This provision reads as follows:
“If our respective attorneys are unable to agree on whether or not we have established of record our ownership of the one-half of the storage capacity of the reservoir as above mentioned, then the said attorneys shall select a third attorney practicing in the City and County of Denver, whose decision shall be conclusive upon both of us.”
In the complaint the plaintiffs generally alleged that all conditions precedent to the bringing of this action have been performed or have occurred. In her answer Lively denied this particular allegation and then in only very general terms averred that the plaintiffs had not complied with the terms of the letter agreement between the parties and “by reason thereof this court has no jurisdiction to hear the matter.” Nowhere did Lively in her answer mention or refer directly to the arbitration clause in the letter agreement set forth above. *116 If Lively intended to make an issue as to whether there has been compliance with the arbitration clause, R.C.P. Colo. 9(c) would seem to require that she plead with a much greater degree of specificity. Rule 9 (c) provides that in pleading performance or occurrence of condition precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred; but that a denial of performance “shall be made specifically and with particularity . . .”
Regardless of this state of the pleadings, the principal matter now urged in this court is that the trial court had no jurisdiction over the subject matter because of the failure of the plaintiffs to comply with the aforementioned arbitration clause.
The plaintiffs respond to this particular contention in a variety of ways, but their basic position is that in the instant case there simply was nothing to arbitrate, and they go on to claim that their contention is this particular regard is fully supported by the findings and conclusions of the trial court.
The trial court specifically found that Lively “does not now own and never has owned one-half of the storage capacity of Pomona Reservoir No. 1” and then further found that Lively had not proceeded to attempt to establish, nor had she ever established, any record ownership of a one-half interest in the storage capacity of Pomona Reservoir No. 1. In the absence of a reporter’s transcript, these findings and conclusions of course are presumed to be regular, and this same presumption of regularity also attached to the judgment thus entered, Marcotte v. Olin Mathieson, 162 Colo. 131, 425 P.2d 37.
From the record before us, then, we simply cannot agree with counsel for Lively that the judgment should be reversed for the failure of the plaintiffs to arbitrate. On the contrary we agree that in the instant case there was nothing to arbitrate. In the supplemental letter agreement Lively conceded that she did not have record ownership in the reservoir and there is nothing before *117 us to indicate that thereafter she did anything to establish any such record interest. Indeed, from counsel’s brief it would appear that Lively did absolutely nothing to establish any record interest in the reservoir, and that she would now demand arbitration of the issue as to whether she had an interest, though not of record, prior to the execution of the letter agreement. In our view the instant controversy is not governed by Ezell v. Rocky Mountain Bean & Elevator Company, 76 Colo. 409, 232 P. 680, but on the contrary is controlled by Gold Uranium Mining Co. v. Chain O’Mines Operators, Inc., 128 Colo. 399, 262 P.2d 927. In the latter case we held that an arbitration clause was inapplicable because the record “is entirely devoid of any dispute which calls for arbitration.”
Lively next contends that any interest of the Clarks under the aforesaid letter agreement could not, and in fact was not, assigned to the plaintiffs. This assertion is made despite the fact that the trial court made specific findings to the contrary. On the record before us, then, we most certainly would not be justified in reversing the judgment on the ground that the plaintiffs had not shown their right to maintain the action.
The trial court also entered judgment in favor of Bobbitt Realty, Inc. in the sum of $300, such sum to be paid half by Lively and half by the plaintiffs. Bobbitt Realty, Inc. was the escrow holder of the note here in question, and this award of $300 was for its services. Lively complains about this portion of the judgment too. She claims that any debt due for such services was to Bobbitt Realty, a partnership, and not to Bobbitt Realty, Inc. We note that in the complaint it is alleged that Bobbitt Realty, Inc. was the successor company to Bobbitt Realty, a partnership. There being no reporter’s transcript, the judgment of the trial court awarding Bobbitt Realty, Inc. the sum of $300 for services is under the circumstances presumed correct.
As above indicated, then, it is difficult to en *118 vision how the judgment in the instant case could be reversed when the record on error does not contain the transcript of the testimony given at the two-day trial of this matter. Where there is no transcript of the evidence included in the record on error, we are bound to presume that the findings and conclusions of the trial court are correct and that the evidence presented upon trial supports the judgment. Burton v. Garner, 150 Colo. 529, 374 P.2d 707.
The judgment is therefore affirmed.
Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Hodges concur.