**Edward Bruske, Plaintiff-Appellant, v. Judith A. Arnold, Defendant-Appellee.**

Gen. No. 67–66.

Third Judicial District.

October 23, 1968.

Dario Garibaldi, of Flossmoor, Nat Ozmon, of Chicago, and George Herbolsheimer, of LaSalle, for appellant.

Kevin Kelly, of LaSalle, and Peter Ferracuti, of Ottawa, for appellee.

CULBERTSON, J.

This action had its origin on January 3, 1965, at about 7:45 p. m., when the plaintiff, Edward Bruske, sought to walk across a busy street in the city of Peru at a point other than a marked pedestrian crosswalk. There is conflict as to whether he was struck by a car driven by defendant, Judith A. Arnold, or whether he walked into its side. In any event, plaintiff brought suit in the Circuit Court of LaSalle County to recover for personal injuries, and here appeals from a verdict and judgment for defendant. His contentions are that he was prejudiced by a special interrogatory given on defendant's behalf; that the trial court erred in refusing to permit defendant's impeachment on the basis of a prior and purportedly in-

consistent statement; and that the closing argument of defendant's counsel was improper and prejudicial in many respects.

The disputed special interrogatory, given at defendant's request over plaintiff's objections, was as follows:

> "Was the plaintiff, Edward Bruske, in the exercise of ordinary care for his own safety before and at the time of the occurrence?"

Consistent with its general verdict for defendant, the jury returned a "No" answer to such interrogatory.

■ For reasons more fully explained in the opinion of this court in DeBolt v. Wallace, 56 Ill App2d 380, 206 NE2d 469, it must be agreed that the special interrogatory was incomplete and improper for its failure to include the additional element of whether plaintiff's negligence proximately contributed to his injuries. (Cf. Moyers v. Chicago & E. I. R. Co., 43 Ill App2d 316, 193 NE2d 604.) At the same time, however, we cannot say on this record that it was so prejudicially erroneous as to require a reversal. While not a conclusive cure of the error in the interrogatory, the jury was fully instructed on proximate cause and when that circumstance is laid beside the evidence there is little reason to conclude that the jury was misled or confused by the deficiency in the special interrogatory. In our opinion the weight of the evidence supports the finding that plaintiff was guilty of contributory negligence, and the only reasonable conclusion which the jury could have reached from the same evidence was that such negligence was a proximate cause of plaintiff's injuries.

Circumstances surrounding the unique impeachment issue raised in the appeal show that for many months prior to August 30, 1966, counsel for defendant had made an appearance in the case and had formally engaged in pretrial activities. On the day named, without notice to anyone and despite the knowledge that defendant was

represented by counsel, a private investigator employed by plaintiff's counsel appeared at the home of defendant with a court reporter and took a question and answer statement from defendant concerning the accident involved in the pending litigation. At the trial a motion of defendant to suppress the statement of August 30, 1966, was granted in limine, the remarks of the trial court indicating his ruling to have been based upon a belief that the statement had been unfairly and unethically procured. Later, the court refused a proffer by plaintiff of portions of the statement claimed to be inconsistent with defendant's testimony at the trial.

We are first met here by arguments and counterarguments as to whether the portions of the statement relied upon by plaintiff in fact serve to impeach defendant's trial testimony. And while we lean to the view that the statement, when read in its entirety and in proper context, is not materially contradictory, we feel the impact of the manner in which the statement was obtained could have upon future litigation makes it incumbent upon us to determine the primary issue of whether the trial court properly suppressed defendant's statement.

■ To support his contention that the court erred, plaintiff relies upon the principle, propounded by many authorities, that even though evidence may have been obtained illegally it is nonetheless admissible in a civil action if it is relevant to the issues of the case. Justification for the rule is founded upon the notions that the ascertainment of the truth is more important than the manner in which the evidence was obtained, and that to conduct collateral inquiries into the manner in which evidence was acquired would, as Wigmore puts it, "jeopardize the primary litigation by delaying, interrupting, confusing and sometimes frustrating it." (See: 8 Wigmore on Evidence (1961 ed), § 2183; 29 Am Jur2d, Evidence, § 408, pp 466–467; Mossman v. Thorson, 118 Ill App 574, 576; Thanhouser v. Milprint, Inc., 9 App Div2d 833, 192

NYS2d 911.) However, none of the authorities or decisions presented to us are precisely applicable, and to our minds there are far deeper considerations than a mere rule of evidence presented by the instant case.

 For many years now, once litigation has been filed and all parties have appeared, the pretrial search for, and disclosure of, matters relevant to the issues of the subject matter involved in the pending litigation has been controlled by discovery rules promulgated by our Supreme Court. They are presently found in Rules 201 through 219, Part E, Article II of the Illinois Supreme Court Rules. (Ill Rev Stats 1967, c 110A, Rules 201 thru 219.) And while the decisions of the court leave little doubt that their primary purpose is to permit the parties to seek out the truth unfettered by technical avoidances (e. g., Monier v. Chamberlain, 35 Ill2d 351, 221 NE2d 410; People ex rel. General Motors Corp. v. Bua, 37 Ill2d 180, 226 NE2d 6) we believe the rules were also intended to have the equally important purpose of fixing the guidelines for a fair and orderly procedure by which discovery may be accomplished. Indeed, Rule 201 (c) specifically provides for protection against abuses, which may be equated with unfairness, through the media of protective orders or court supervision. Still another protection, which we feel has significance here, is the direction of Rule 201 (d) that discovery may not be initiated "prior to the time all defendants have appeared or are required to appear." The logical inference is, we believe, that the attorney for defendants must be dealt with in accomplishing discovery. With specific reference to oral depositions, and again for the undoubted purpose of insuring fairness and protection, Rule 206 ordains that a party desiring to take a deposition shall "serve notice in writing a reasonable time in advance on the other parties," while Rule 207 requires the deposition to be signed by the deponent and authenticated by the officer before whom it is taken. These are not mere idle directions, for

433

the rules of the Supreme Court have the force of law when adopted. Harris v. Annunzio, 411 Ill 124, 103 NE 2d 477; Department of Finance v. Sheldon, 381 Ill 256, 44 NE2d 863.

█ Viewed from the standpoint of stark reality, what plaintiff's counsel did here was to cause defendant's deposition to be taken on oral examination without prior notice to anyone, and in complete disregard of Canon 9 of the Canons of Ethics adopted by the Illinois State Bar Association which provides in pertinent part: "A lawyer should not in any way communicate upon the subject of controversy with a party represented by counsel; . . . ." As could be expected, the resulting statement was accomplished to some degree by leading questions. Under the circumstances that an action had been filed and counsel had appeared for defendant, and limiting ourselves to the matter of taking such a statement from a party, as distinguished from some other person, we are of the opinion that the trial court properly suppressed defendant's statement and correctly refused to receive the portions of it proffered in evidence. To hold otherwise would not only condone unethical practice but, more importantly, would reduce the requirements for fair and orderly procedure found in the discovery rules to empty platitudes. We believe it would produce chaos and be derogatory to the best interests of the public, the courts and the profession to give sanction to a practice whereby a party to pending litigation may be questioned by opposing counsel or his agents without notice, restriction or inhibitions by rules of practice and canons of ethics.

█ In an extensive attack on the final argument of counsel for defendant, it is now urged by plaintiff that the argument was "irreparably prejudicial" because counsel: (a) asked the jurors to place themselves in the position of defendant; (b) argued his personal experiences as an attorney; (c) launched a vindictive attack

434

on plaintiff and his attorney; and (d) implied that plaintiff had been drinking although the court had eliminated the issue from the trial. While we think these claims are exaggerated to some degree, it is sufficient to point out that these matters are not open to our consideration in this case. In none of the instances of which complaint is now made did plaintiff object, seek a ruling or move for a mistrial. He thus waived the alleged error and cannot complain for the first time on review. (Lindroth v. Walgreen Co., 338 Ill App 364, 383–384, 87 NE2d 307, affd 407 Ill 121, 136, 94 NE2d 847; Pearman v. Morris, 15 Ill App2d 486, 499, 146 NE2d 589; Andres v. Green, 7 Ill App2d 375, 129 NE2d 430; McElroy v. Force, 38 Ill2d 528, 232 NE2d 708.) We are not unmindful that the rule has an exception where the argument of counsel is so inflammatory and prejudicial as to deteriorate the judicial process and deny a fair trial. (Belfield v. Coop, 8 Ill2d 293, 134 NE2d 249; City of Chicago v. Pridmore, 12 Ill2d 447, 147 NE2d 54; City of Quincy v. V. E. Best Plumbing & Heating Supply Co., 17 Ill2d 570, 162 NE2d 373.) From our examination of the entire record, however, particularly the arguments of counsel, we cannot say the remarks now complained about were so materially prejudicial as to warrant our intervention.

 Additional charges levelled at the closing argument of defense counsel are that it misrepresented and contradicted the testimony of the plaintiff, and that, with no basis in the evidence, the jury was told that plaintiff's attorneys had directed independent witnesses not to talk to defense counsel. These contentions are arrived at, however, only by undue selectivity from the record, and in our opinion the trial court did not abuse its discretion in overruling plaintiff's trial objections. Defendant had a right to argue on the basis of evidence adduced from the cross-examination of plaintiff, and was not confined to what was stated on direct examination as plaintiff's posture here necessarily assumes. Again, while one

witness did deny that he had been told not to talk to defense counsel, other portions of the record sustain defense counsel's argument that such a tactic was pursued. Within this point of argument it is also contended that the testimony of other witnesses was contradicted and misrepresented; however, in these instances proper and timely objections were not made in the trial court so as to preserve the contentions made for review.

The ultimate question on review is not whether a trial was scrupulously free from error, but whether there was error which operated to the prejudice of the appealing party or unduly affected the outcome below. (Nelson v. Union Wire Rope Corp., 31 Ill2d 69, 118, 199 NE2d 769.) Applying that test here we find no reason to disturb the judgment appealed from and it is therefore affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.