507 P.2d 883 (1972)
Velda OGLESBY, Plaintiff-Appellant,
v.
Cassius Cadwell CONGER, Defendant-Appellee.
No. 71-457.
Colorado Court of Appeals, Div. I.
December 12, 1972.
Rehearing Denied January 16, 1973.
Certiorari Denied April 2, 1973.
*884 Hill & Hill, Alden T. Hill, Alden V. Hill, Fort Collins, for plaintiff-appellant.
Johnson, Anderson & Dressel, William G. Dressel, Fort Collins, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
This is a negligence action for the recovery of damages resulting from a two-car collision. The accident occurred December 3, 1969, at an uncontrolled intersection in the City of Fort Collins. Velda Oglesby, plaintiff-appellant, driver of one of the cars, sought recovery for personal injuries and property damage. Cassius Cadwell Conger, defendant-appellee, driver of the other car, was not injured but did counterclaim for the damage to his car. The jury returned a verdict denying relief to both parties. The plaintiff appeals from the judgment entered on the verdict which denied her claims. We reverse that judgment.
The basic facts of the case are as follows. Plaintiff was driving south on Sherwood Street while defendant was driving west on Olive Street. The two cars collided near the center of the intersection of these streets. Neither car left skid marks prior to the point of impact. Plaintiff was knocked unconscious and had no recollection of the events leading up to the accident or of the accident itself.
There was no dispute as to the amount of damage to either of the cars or as to the fact that plaintiff was injured. Allegations as to negligence, contributory negligence, and the extent of plaintiff's injuries were contested.

I.
Plaintiff contends that the trial court erred in not dismissing certain prospective jurors and in limiting plaintiff's voir dire examination of the jury panel. Trial was to be to a jury of six. Fourteen prospective *885 jurors were called and sworn in for the voir dire examination. In response to a question by plaintiff's counsel concerning the interest or relationship of the panel members to defendant's insurer, State Farm Insurance Company, six of the panel members indicated that they were policyholders with that company. Counsel immediately requested, out of the presence of the jury panel, that the six panel members be excused for cause, relying on the unusual number of policyholders with defendant's insurer, and the fact that plaintiff could remove only four with peremptory challenges.
The trial court denied plaintiff's request to dismiss the six policyholders. After considerable discussion between both counsel and court, plaintiff's counsel requested permission to ask the six another question to determine if their judgment would be affected by their relationship with defendant's insurer. This request was also denied, and the case was subsequently tried to a jury with three members being State Farm policyholders.
The purpose of a voir dire examination of the jury panel is to enable the court and counsel to select as fair and impartial a jury as possible. Edwards v. People, 160 Colo. 395, 418 P.2d 174. Counsel not only has the right to inquire if any prospective juror has any relationship to the defendant's insurance company, but counsel may also inquire into that relationship, if one exists. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185. "Considerable latitude" must be allowed in such examination, when made in good faith, "to enable [counsel] properly to exercise not only challenges for cause but also peremptory challenges." Rains v. Rains, 97 Colo. 19, 46 P.2d 740.
The trial court was correct in denying plaintiff's request to dismiss the six prospective jurors for cause after establishing only that they were policyholders. The fact that they were policyholders in and of itself would not necessarily affect their judgment in the case. The court did err, however, in refusing to allow counsel to make further inquiry of the six policyholders. Such inquiry was necessary to enable counsel to determine if there was a basis for a challenge for cause and to aid counsel in later making an intelligent exercise of his peremptory challenges.

II.
Since this case must be remanded for a new trial for the reasons stated above, we will consider the other alleged errors which relate to issues that may arise again in the new trial.
Plaintiff contends that it was error to allow defendant to estimate his speed immediately prior to the accident when such estimate was based only on his testimony of habit. We agree.
Speed of both plaintiff and defendant was a critical factor in the determination of the issue of negligence. Defendant testified that he had not looked at his speedometer and did not know his exact speed as he approached the intersection. He did answer: "It would be not over 25 miles per hour, because that's the way I drive downtown." The court ruled: "I feel he is reasonably adequate for the admittance of his estimate of speed prior to the time of the accident."
A person of reasonable intelligence and ordinary experience in life may express an opinion of the speed of an automobile under his observation without proof of further qualifications. The weight of such testimony is to be determined by the trier of fact. Eagan v. Maiselson, 142 Colo. 233, 350 P.2d 567; Sherry v. Jones, 133 Colo. 160, 292 P.2d 746. This rule logically extends to a driver's estimation of his own speed.
In this case, however, defendant did not estimate his speed based on any recollection of the events as he approached the intersection but solely on past habit. Though there appears to be a split in authority, the majority rule, and we think the better reasoned rule, holds that evidence of habit or customary manner of conduct is not admissible by a party to show that he *886 was not negligent on a particular occasion. United States v. Compania Cubana De Aviacion, 5 Cir., 224 F.2d 811; Harriman v. Pullman Palace Car Co., 8 Cir., 85 F. 353; City of Junction City v. Blades, 1 Kan.App. 85, 41 P. 677; Ryan v. International Harvester Co., 204 Minn. 177, 283 N.W. 129; Gillette Motor Transport v. Kirby, 208 Okl. 68, 253 P.2d 139; Peterson v. Hansen-Niederhauser, Inc., 13 Utah 2d 355, 374 P.2d 513; Osborn v. Lake Washington School District, 1 Wash.App. 534, 462 P.2d 966. See also 29 Am.Jur.2d Evidence §§ 303, 316.

III.
Plaintiff further contends that the court erred in not allowing opinion evidence from the investigating police officer although allowing such evidence from defendant's expert witness. We find no error in these rulings.
The plaintiff called the investigating police officer to establish the physical facts that existed immediately after the accident. The court, however, refused to allow the officer to estimate the speed of the automobiles prior to impact. The evidence submitted in an attempt to establish the officer as an expert qualified to estimate speed from physical facts was as follows: He had been in police work for four years, but almost half of that time was in the military service. He was a high school graduate, and he had had a brief training school in accident investigation, but the latter specialized training had occurred after the time of the accident in this case.
The sufficiency of the evidence to establish the qualifications and knowledge of a witness to entitle him to express an opinion is a question to be determined by the trial court, and its decision will be upheld unless clearly erroneous. Starkey v. Bryan, 166 Colo. 43, 441 P.2d 314. A review of the record does not disclose error in the court's ruling that the officer was not qualified as an expert.
The defendant called a witness who was accepted by the court as an accident reconstruction expert. Plaintiff does not seriously object to the court's acceptance of the witness as an expert in his field, but plaintiff does object to the hypothetical question which defendant asked the witness concerning the speed of the two vehicles at the time of impact. Plaintiff argues that the answer to the hypothetical question is of no probative value because the question did not include all the facts which plaintiff considered to be pertinent. The objection in effect attacked the credibility of the opinion. Determination of the pertinency of the omitted facts rests in the discretion of the trial court and will not be reversed unless clearly erroneous. Starkey v. Bryan, supra.

IV.
Plaintiff's final allegation of error is that the court improperly restricted plaintiff's testimony on rebuttal. Prior to trial defendant had a physician examine plaintiff, and defendant subsequently listed the doctor as one of the witnesses that he might call. Defendant did not call this doctor to testify. Plaintiff attempted to show through her own rebuttal testimony that defendant had had plaintiff examined by defendant's doctor and that he was not later called by defendant to negate the testimony of plaintiff's doctors. Plaintiff sought to bring to the attention of the jury the fact that defendant refrained from calling his own witness on the theory that such fact raises a presumption that the evidence from the doctor, if produced, would be unfavorable to defendant. Defendant was not required to call the doctor. Plaintiff could have called the doctor herself if she had thought that it would have been of benefit to her case. The limitation on plaintiff's rebuttal was not error.
Judgment is reversed and cause remanded for a new trial on all issues relative to defendant's liability to the plaintiff and plaintiff's damages, if any, resulting therefrom.
DWYER and PIERCE, JJ., concur.