Virginia M. BLADES and Phillip N. Blades, Plaintiffs-Appellants,

v.

Charles DaFOE, Robert McCurdy, and Douglas H. Kirkpatrick, Defendants-Appellees.

No. 80CA0616.

Colorado Court of Appeals, Div. I.

June 2, 1983.

Eugene Deikman, William Peterson, Denver, for plaintiffs-appellants.

Long & Jaudon, P.C., James A. Dierker, Joseph C. Jaudon, Denver, for defendant-appellee Charles DaFoe.

Johnson, Mahoney & Scott, P.C., Dennis M. Mahoney, Brian J. Lampert, Denver, for defendant-appellee Robert McCurdy.

Hall & Evans, Richard D. Hall, Denver, for defendant-appellee Douglas H. Kirkpatrick.

STERNBERG, Judge.

Plaintiffs, Virginia and Phillip Blades, brought a medical malpractice suit against defendants, DaFoe, McCurdy, and Kirkpatrick. The jury returned a verdict for defendants and plaintiffs appeal. We affirm.

The plaintiffs' complaint alleged negligence, battery, and lack of informed consent in connection with an operation performed on Virginia Blades. Dr. DaFoe was the obstetrician-gynecologist who recommended and performed the procedure, Dr. Kirkpatrick was a partner of Dr. DaFoe, and Dr. McCurdy was the supervising surgeon. The action against Dr. Kirkpatrick was dismissed at the close of plaintiffs' case.

On appeal, plaintiffs assert error in the trial judge's refusal to disqualify himself for bias, granting defendants two more peremptory challenges than allowed by C.R.C.P. 47(h), denial of plaintiffs' challenge for cause of a juror who expressed bias, and denial of a tendered instruction on the burden of proof on the issue of informed consent.

The record before us consists only of the pleadings, the jury voir dire, proposed instructions, and objections to the instructions given.

## I.

The plaintiffs' motion requesting the trial judge to disqualify himself was based on the fact that Dr. McCurdy had performed minor skin surgery on the judge six years previously. All parties stipulated that the judge, while off the record, had remarked that he had a high opinion of Dr. McCurdy, but that he did not believe his opinion would interfere with his ability to try the case.

A judge shall be disqualified in an action in which he has an interest or is prejudiced, or is so related or connected with any party or his attorney as to render it improper for him to sit on the trial. C.R.C.P. 97. In the absence of a valid reason for disqualification relating to the subject matter of the litigation, the trial judge has the duty of presiding over the case. *Kovacheff v. Langhart,* 147 Colo. 339, 363 P.2d 702 (1961); *Board of County Commissioners v. Blanning,* 29 Colo.App. 61, 479 P.2d 404 (1970). The opinion expressed by the trial judge here was based on acts remote in time and not connected with the present litigation. Thus, the facts did not justify disqualification.

## II.

Based on C.R.C.P. 47(h), plaintiffs contend the court erred in granting defendants a total of six peremptory challenges as compared with four for plaintiffs. We do not agree.

The rule states that each side shall have four challenges and all parties on each side must join in such challenges. The purpose of voir dire examination is to enable the court and counsel to select a fair and impartial jury. *Edwards v. People,* 160 Colo. 395, 418 P.2d 174 (1966); *Oglesby v. Conger,* 31 Colo.App. 504, 507 P.2d 883 (1972). Peremptory challenges are not constitutionally required, but nevertheless are provided to litigants as a means of obtaining more impartial and better qualified jurors than is possible by limiting challenges to those specified, provable bases of partiality which support a challenge for cause. *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Had plaintiffs been denied the number of peremptory challenges allowed under the rule, we might then agree with the contention that plaintiffs did not receive a fair trial and need not show prejudice to prevail. But the situation here is otherwise. Plaintiffs were not compelled to take objectionable jurors.

A party has no vested right to any particular juror, for the right to challenge a juror is the right to exclude incompetent jurors, not to include particular persons who may be competent. *Anderson v. Dun & Bradstreet, Inc.,* 543 F.2d 732 (10th Cir.

1976). Thus, while there was error here in not applying the rule as written, plaintiffs' right to a fair trial was not violated.

■ The weight of authority in civil cases, and the more appealing logic, supports the rule that, absent evidence of prejudice, a verdict will not be set aside for error in allowing one or more peremptory challenges in excess of that provided by statute. *Bailey v. Deverick,* 142 So.2d 775 (Fla.App.1962); *Cruse v. Daniels,* 293 S.W.2d 616 (Tex.App.1956); *see* Annot., 95 A.L.R.2d 957 (1964). We adopt that rule.

Because of this disposition, we do not reach the question whether each side is limited to the number of challenges allowed by C.R.C.P. 47(h) regardless of whether the respective interests of multiple parties on the same side are common or antagonistic. *Compare Fick v. Wolfinger,* 293 Minn. 483, 198 N.W.2d 146 (1972) *with Kunk v. Hawell,* 40 Tenn.App. 183, 289 S.W.2d 874 (1956); *see also* Annot., 32 A.L.R.3d 747 (1970).

### III.

Plaintiffs, who used all of their peremptory challenges, also assert error in the trial court's denial of their challenge for cause of an allegedly biased juror. The juror had seen medical reports filed by Dr. McCurdy and several of the witnesses in her job as a claims adjuster for the State Compensation Insurance Fund. She commented that she felt doctors do the best they can, and responded affirmatively to the question of whether the plaintiff would have an "uphill battle" of proving a case. Based upon these responses, plaintiffs challenged the juror for cause.

■ The decision of the trial court to deny a challenge for cause will not be disturbed on review in the absence of a manifest abuse of discretion. *People v. Taggart,* 621 P.2d 1375 (Colo.1981). Where, after extensive voir dire, the juror states she can and will set aside her sympathies and decide the case based upon the evidence and the law, denial of a challenge is not an abuse of discretion. *People v. Taggart, supra; Kal-*tenbach v. Julesburg School District RE–1, 43 Colo.App. 150, 603 P.2d 955 (1979).

■ The record contains ample evidence to support the trial court's decision. The juror unequivocally stated that her job would not interfere with being a juror because she handled only industrial injuries. She responded that she had feelings against bringing medical malpractice cases because she sees so many unsubstantiated claims, but she said she felt she could be fair and would have no trouble returning a verdict for the plaintiffs if they produced the greater weight of the evidence. She stated she would follow the law as she was instructed and was sure she could weigh the evidence without any bias toward either side. At no time did she express any doubt about her ability to be impartial other than agreeing that the plaintiffs have an "uphill battle." Denial of plaintiffs' challenge for cause was therefore not an abuse of discretion.

### IV.

As a final point of error, plaintiffs argue the court should have given an instruction that defendants had the burden of proving informed consent.

Plaintiffs' complaint stated a claim for battery, alleging the operation was performed contrary to her conditional consent. It also stated a claim for lack of informed consent, alleging defendants negligently failed to obtain an informed consent to the procedure. The instructions to the jury contained the pattern jury instruction on operation without consent and the definition of consent and informed consent, *Colo. J.I.* 15:12, 15:13, and 15:16 (2d ed. 1980), but omitted *Colo.J.I.* 15:15 (2d ed. 1980), covering the elements of liability and affirmative defenses for uninformed consent.

■ The law in Colorado distinguishes between an action based on no consent (battery) and one based on lack of informed consent. *See Colo.J.I.* 15:12 (2d ed. 1980) (Notes on Use). In a suit based on lack of informed consent, the plaintiff must present evidence of the defendant's failure

to inform of inherent risks before the burden shifts to the physician to show that his failure to disclose conformed with community standards. *Mudd v. Dorr,* 40 Colo.App. 74, 574 P.2d 97 (1977). However, plaintiff is entitled to an instruction on this burden only if the instruction is supported by competent evidence. *Converse v. Zinke,* 635 P.2d 882 (Colo.1981).

█ In the absence of a transcript of the evidence in the record on appeal, the findings and conclusions of the trial court are presumed regular and will not be disturbed. *Lively v. Price,* 165 Colo. 111, 437 P.2d 526 (1968). Our review of the record before us reveals no error in the denial of plaintiffs' instruction.

The judgment is affirmed.

COYTE, J., concurs.*

BERMAN, J., dissents.

BERMAN, Judge, dissenting.

Respectfully, I dissent.

The issue here is not as stated by the majority that a party has no vested right to any particular juror but rather concerns whether the plaintiffs were afforded a fair trial when the defendants had two more peremptory challenges than they did. In my view they did not.

The number of peremptory challenges is governed by C.R.C.P. 47(h) which provides as follows:

"Each side shall be entitled to four peremptory challenges, and if there is more than one party to a side they *must* join in such challenges. Additional peremptory challenges in such number as the court may see fit may be allowed to parties appearing in the action either under Rule 14 or Rule 24 if the trial court in its discretion determines that the ends of justice so require." (emphasis added)

Defendants do not contend here, nor could they, that they appeared in this action either under C.R.C.P. 14 or C.R.C.P. 24.

The rule as promulgated by our Supreme Court must be strictly construed. Had the Supreme Court desired to permit the trial court the choice to give as many peremptory challenges as it desired to one party, the rule could have so provided as it does in Crim.P. 24(d) which authorizes additional peremptory challenges for every defendant after the first. Nor should the plaintiff here be required to show prejudice as a result of the trial court's order. "To show actual prejudice, the complaining litigant would be required to discover the unknowable and to reconstruct what might have been and never was, a jury properly constituted after running the gauntlet of challenge performed in accordance with prescribed rule . . . ." *Kentucky Farm Bureau Mutual Insurance Co. v. Cook,* 590 S.W.2d 875 (Ky.1979). *See also Sheffield v. Lewis,* 268 S.E.2d 615 (Ga.1980).

To hold as the majority does that the error is, in essence, harmless is to give carte blanche to any trial judge to do as he will with granting the number of peremptory challenges to a side for he will know full well he cannot be reversed on that ground.

The rules promulgated by our Supreme Court have the force of law, *see Colo. Const.,* Art. VI, Sec. 21; *see also Bruske v. Arnold,* 100 Ill.App.2d 428, 241 N.E.2d 191 (1968) and *Goldston v. Karukas,* 180 Md. 232, 23 A.2d 691 (Md.Ct.App.1942), and they should not be given such cavalier treatment. I would reverse and remand for a new trial as to the defendants Charles DaFoe and Robert McCurdy.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)