PER CURIAM.
AFFIRMED. We find no reversible error has been demonstrated. Specifically, we find no error by the trial court in the number of peremptory challenges allotted to the parties. We believe the interests of the various defendants were sufficiently dissimilar to permit the court to allot them separate peremptory challenges. See Fla. R.Civ.P. 1.431(d). Cf. Loftin v. Wilson, 67 So.2d 185 (Fla.1953). In addition, appellant has failed to demonstrate that the allocation of peremptory challenges, even if erroneous, was prejudicial. Bailey v. Deverick, 142 So.2d 775 (Fla. 2d DCA 1962).
The most troubling issue raised is appellant’s claim that the appellees improperly used peremptory challenges to strike minority jurors. Although the appellant initially declined to make this objection in the face of the trial court’s direct inquiry, we find that the appellant’s later objection was sufficient to preserve the issue for appeal. However, considering all of the circumstances, including the trial court’s own initiation of the inquiry required under State v. Neil, 457 So.2d 481 (Fla. 4th DCA 1984), we find no abuse of discretion by the trial court in conducting the Neil inquiry and accepting the explanations for the challenges offered by appellees. Cf. City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA), cause dism’d, 469 So.2d 748 (Fla.1985). We have considered the other issues raised and find no error requiring a retrial.
ANSTEAD, HARRY LEE, GLICKSTEIN, HUGH S. and WARNER, MARTHA C., Associate Judges, concur.