No. 10,614.

PACIFIC LUMBER COMPANY *v.* LIEBERMAN, ET AL.

Decided November 10, 1924. Rehearing denied January 5, 1925.

Action to foreclose mechanic's lien. Judgment for defendants.

## *Reversed.*

1. MECHANICS' LIENS—*Foreclosure—Limitation.* Under the provisions of section 6451, C. L. '21, concerning mechanics' liens, a materialman may bring suit to foreclose a lien at any time within six months after the last material is furnished by him, or within six months after the completion of the building.

*Error to the District Court of the City and County of Denver, Hon. A. F. Hollenbeck, Judge.*

Mr. OLIVER DEAN, Messrs. BENEDICT & PHELPS, for plaintiff in error.

Mr. T. E. WATTERS, Mr. PERCY S. MORRIS, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

*On Rehearing.*

A DEMURRER to the complaint of the Pacific Lumber Company in an action to enforce a mechanic's lien was sustained, the plaintiff elected to stand, judgment was given for defendants, and the case is brought here for review. We held in department for affirmance but granted a motion for rehearing and sent the case to banc for oral argument.

The only question is whether the lien of the plaintiff for materials was lost by failure to sue in time. Its last materials were furnished May 3, the building was completed June 16, and the suit was begun November 12, 1922, more than six months after May 3, but less than that time after

June 16.   C. L. § 6451 is as follows:   "No lien claimed by virtue of this act shall hold the property longer than six months after the *last work or labor is performed, or materials furnished or after the* completion of the building * * * as prescribed in section 4033 of the revised statutes of Colorado, 1908, unless an action shall be commenced within that time to enforce the same *and a notice of lis pendens shall be filed for record within that time* * * * Provided, That where two or more liens are claimed of record * * * the commencement of any action *and the filing of the lis pendens notice aforesaid,* within that time by any one or more of such lien claimants * * * shall be sufficient."

This section was passed in 1915 (S. L. 1915, p. 333), and was an amendment of a previous section by the addition of the words which we have italicized.

Said section 4033 is now C. L. § 6450.   It provides, among other things, that the lien statement for work must be filed for record after the last labor for which the lien is claimed has been performed and at any time before the expiration of one month next after the completion of the building, materialmen after the last material furnished and within two months from the completion of the building, and principal contractors within three months after the completion of the building.

C. L. § 6451 is very hard to construe.   What is the meaning of the words "within that time"?   Three several times have been previously mentioned in the section, six months after the last work or labor, six months after the last materials furnished and six months after the completion of the building.   The defendant in error says that the meaning is that the laborer must begin his suit within six months after his last labor; that the materialman must begin his suit within six months after the last material furnished and that the principal contractor must begin his suit within six months after the completion of the building.

One objection to this construction is that it does not follow the literal meaning of the words.   Following the literal

construction, either the laborer or materialman might, under the alternative word "or", bring his suit within six months after the completion of the building.

The plaintiff in error argued, and rightly, we think, that the reference in section 6451 to section 6450 requires them to be construed together, if possible, but that defendant's theory would make them inconsistent, because, if by section 6451 a laborer is required to bring his suit within six months from his last labor, it might be and in cases of very large buildings often would be necessary for him to bring the suit before the completion of the building, whereas by section 6450 he is given until the expiration of one month after the completion of the building in which to file his statement, which, of course, must precede the suit. So of the materialman who should furnish say foundation stones for a large building, he might have to bring his suit several years before the building was completed, whereas he is given by section 6450 until the expiration of two months after the completion of the building in which to file his statement. He also argues that the purpose of this amendment was to permit the laborer or materialman, if he wished, to bring his suit before the completion of the building, which it had been claimed he could not do under the unamended section. See *Tabor-Pierce L. Co. v. Int. Tr. Co.*, 19 Colo. App. 108, 117, 75 Pac. 150, for an analogous point. These arguments added to the literal meaning of the section are weighty, and, after careful consideration, the court in banc is unanimous in the opinion that the materialman may begin his suit at any time within six months after the last material furnished by him or within six months after the completion of the building. We do not construe the section any further because no further question is before us.

The former opinion is withdrawn. Judgment is reversed with directions to overrule the demurrer to the complaint and proceed with the case.