No. 16,973.

Gold Uranium Mining Company *v.* Chain O'Mines Operators, Inc.
(262 P. [2d] 927)

Decided November 2, 1953.

Mr. Carle Whitehead, Mr. Albert L. Vogl, Mr. William F. Reynard, for plaintiff in error.

Mr. Leroy J. Williams, Mr. James D. Doyle, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Gold Uranium Mining Company, a corporation, brought an action against Chain O'Mines Operators, Inc.,

a corporation, to recover moneys allegedly due it under the terms of certain agreements. Defendant's motion to dismiss an amended complaint was granted, and plaintiff having elected to stand on its amended complaint, judgment of dismissal was entered with costs to defendant. Plaintiff brings the cause here by writ of error seeking a reversal of the judgment.

In the amended complaint it is alleged that at various dates between 1908 and 1910 the Argo Mining, Drainage, Transportation and Tunnel Company entered into written agreements with various owners of mining properties in Gilpin county, Colorado, for certain services to be performed by it for such owners in connection with the operation of their mining claims, with a provision therein for a perpetual lien against each property for unpaid sums due Argo under said agreements. The written agreements were duly recorded in the office of the county clerk and recorder of Gilpin county, Colorado, and were thereafter duly acquired by plaintiff herein, who now is the owner thereof. Further it is alleged that defendant acquired the ownership of the various mining claims specified in said written agreements, with full knowledge of the terms and provisions thereof, and it also is alleged that there is now due and owing plaintiff under said agreements certain sums of money. A copy of the agreement is made a part of the amended complaint by reference. It further is alleged that plaintiff and its predecessor in interest have fully performed all the terms and conditions of the agreement upon its part to be rendered and performed, and that there now is due plaintiff certain sums thereunder for which judgment is prayed, and that a lien be decreed on the properties for the sums so found to be due plaintiff.

Defendant filed a motion to dismiss the amended complaint based upon eleven grounds, only three of which were upheld. No cross specification of points is presented by defendant.

1. The first ground upon which the motion was

granted was that the amended complaint fails to state a claim against defendant upon which relief can be granted. By the terms of the agreement here in question, the plaintiff's predecessor undertook to perform certain services in the drainage of mining properties for which it was to receive a certain specified sum upon all ores removed therefrom. Plaintiff in its complaint alleges that under the terms of the agreement there is now due it from defendant the sum of $393,520.00 with accrued interest.

Under our approved simplified methods of pleading (Appendix A 1. 1935 Colorado Statutes Annotated, p. 389) a cause of action is stated in the complaint, and if defendant requires more information from plaintiff, the same is readily obtainable under our rules providing for interrogatories, depositions and requests for admission.

2. The second ground upon which the motion to dismiss was granted was that plaintiff had failed to arbitrate under the provisions of the form of agreement attached to the complaint and allegedly executed by the owners of the various mining claims. The agreement here in question provided that annually each party should designate a person of said qualifications to whom shall be submitted all *disputes* as to drainage of the mines, payment of drainage fees, and anything pertaining to the relations between the Tunnel Company and the said parties of the second part, or as between the parties of the second part themselves, in respect of any matters covered by this agreement.

It further is provided that, "All matters submitted to them [the arbiters] shall be passed upon by them, and their decision shall be binding on all parties to the *dispute*." It is alleged in the amended complaint that defendant "has at no time advised plaintiff of any dispute or controversy" arising out of said agreement, and further that "approximately six months prior to instituting this suit, plaintiff advised defendant of its claims in this

regard and defendant at no time has advised plaintiff that there are any matters in dispute as to drainage of mines, payment of drainage fees, or any other. matters relating to said Exhibit A [executed agreement]." In addition thereto plaintiff's willingness to arbitrate is alleged.

■ The only question with which we are here concerned is whether a dispute existed between the parties which under the agreement called for arbitration. According to Webster's New International Dictionary (2d ed.), a dispute is defined to be a verbal controversy, contest by opposing argument, or expression of opposing views or claims; controversial discussion; debate; also, ill-tempered altercation; a quarrel. Assuming this to be a proper definition, it inevitably follows that there can be no dispute until a matter of law or fact is asserted by one and denied by another. *Fravert v. Fesler,* 11 Colo. App. 387, 53 Pac. 288.

■ Defendant insists that in this proceeding our court's decision in *Ezell v. Rocky Mountain Bean and Elevator Co.,* 76 Colo. 409, 232 Pac. 680, is controlling. With this we do not agree for the parties to the agreement in that case provided that, "Any dispute arising under this contract to be settled by arbitration. * * * Failure of seller to ship or buyer to accept shall be considered a dispute to be settled by arbitration." We have examined the record in the Ezell case and find that defendant there failed and refused to make delivery in accordance with the terms of the contract, and, in fact, repudiated the contract, and we think these facts are sufficiently disclosed in our court's opinion. That case presents a materially different situation than that involved in the present litigation, and because thereof, our decision there is inapplicable and cannot be relied upon in support of defendant's position in the instant case. The record in the present case is entirely devoid of any dispute which calls for arbitration, and the court erred in sustaining the motion to dismiss on the grounds stated.

3. The third and last ground upon which the motion to dismiss was granted is that the blank form of agreement set out in the amended complaint is lacking in that "there is no date stated, no allegation as to with whom made, no consideration stated; and no statements as to its terms concerning tonnages of ores mined."

The blank form of agreement is Exhibit A, and in Exhibit B, also attached to the complaint and by reference made a part of the amended complaint, we find the list of claims allegedly now owned by defendant, with the names of the original owners thereof who duly executed agreements on form Exhibit A, and an allegation that the claims are now the property of defendant. We also find in Exhibit B a statement of the book and page where said executed agreements may be found of record. If defendants are entitled to further information with reference to these recorded agreements, the same may be obtained either by deposition, interrogatories, or requests for admission. The court erred in granting the motion to dismiss.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.