No. 21907.

COLORADO REAL ESTATE & DEVELOPMENT, INC., A DELA-
WARE CORPORATION, YOSEMITE DEVELOPMENT CORP., A
COLORADO CORPORATION, AND GREAT WESTERN REAL ESTATE
CORPORATION, A COLORADO CORPORATION v.
EUGENE D. STERNBERG.
(433 P.2d 341)

Decided November 13, 1967.

RICHARD N. GRAHAM, STEWART A. SHAFER, JR., for plaintiffs in error.

WILLIAMS, ERICKSON, BROWN & WALLACE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the defendant in error as Sternberg. He brought the action to enforce payment of a claimed architect's fee due under a contract with Colorado Real Estate Development, Inc., to which we will refer as CREDCO. The other plaintiffs in error, Yosemite Development Corp. and Great Western Real Estate Corporation, will be referred to as Yosemite and Great Western, respectively.

Great Western was made a defendant because it assumed the assets and liabilities of CREDCO during the pendency of the litigation and assumed to pay this particular obligation if it was determined that CREDCO

owed the fee. Yosemite Development Corp. was the successor in title to certain real estate which was the subject matter of the contract between Sternberg and CREDCO.

Sternberg had filed a mechanic's lien on the property, and Yosemite counterclaimed for $2000 damages on the ground of slander of title, alleging Sternberg had recorded his mechanic's lien wrongfully.

Judgment of the trial court was entered in favor of Sternberg and against CREDCO and Great Western jointly and severally for the sum of $9000, the balance of which the trial court found was owed on the architect's contract. The mechanic's lien foreclosure was dismissed. The claim of Yosemite for damages was dismissed. A counterclaim for $2000 asserted by CREDCO and Great Western was not allowed.

CREDCO and Great Western offered the following defenses to Sternberg's claim: (a) that the contract provided for arbitration of disputes between the parties and that a decision by the arbitrators was a condition precedent to the right of legal action; that the trial court, therefore, lacked jurisdiction to try the matter until the parties had either complied with or waived the arbitration requirement; (b) that Sternberg had not fully performed the contract and that he had, in fact, been overpaid $2000 (this was the basis of the counterclaim which was dismissed).

The court's findings and judgment adverse to these contentions are challenged in this writ of error. Yosemite in its assignment of error claims that the notice of commencement of the action was knowingly and maliciously recorded several months after the expiration of the right to foreclose a mechanic's lien under the applicable statutes and that the cloud thus created on the title required them to borrow to be able to deposit in escrow the sum of $16,000 in order to sell the property. They assert error by the trial court in dismissing their claim for slander of title.

■ On the question whether arbitration was a condition precedent to the bringing of the action by Sternberg, the court found that the only dispute between the parties was for money judgment for the balance due pursuant to the contract and the schedule of payments provided therein. It was stipulated by the parties that if this were the situation the dispute over the amount owing was not subject to arbitration. It is the rule that arbitration is not a condition precedent to legal action where the question involved is merely an obligation to pay a liquidated sum of money. *Gold Uranium Mining Co. v. Chain O'Mines Operators, Inc.,* 128 Colo. 399, 262 P. 2d 927.

In support of the court's findings, the record shows that Sternberg was to furnish plot plans and maps, designs, preliminary construction plans and complete working drawings for an apartment complex in a re-subdivision owned by CREDCO. Under the contract Sternberg was entitled to have been paid a total of $10,000 when the work was at the stage where the working drawings were finished and approved; and thereafter he was entitled automatically to another $5000 ($2500 of it on or before six months after the submission of the working drawings and $2500 on or before one year thereafter), a total of $15,000 for plot plans, preliminary construction plans and working drawings.

Sternberg had been paid $2000 as a retainer. On December 11, 1962, at a meeting with the president of CREDCO, Sternberg was given a check for $4000 together with a letter of the same date which read as follows: "Enclosed herewith is check for $4,000.00 to apply on account. The balance of $4,000.00 *will be paid* on or before January 15, 1963." (Emphasis added.)

■■ The acknowledgment by CREDCO that the the $8000 was due and that the payment of half thereof would be deferred to January 15, 1963 (this was by agreement), corroborated the testimony of Sternberg that the completed working drawings were finished and

approved up to the time of that meeting and an agreement to pay the full sum due was acknowledged in writing. It was evidence which the court accepted as the truth of the matter and that there was no dispute between the parties. If there were a dispute between them, it was incumbent upon CREDCO to assert it and to ask for arbitration if it wanted it at that time. This the trial court found and correctly so. Creating a dispute after suit for the liquidated sum is instituted does not divest the court of jurisdiction and bring into operation for the first time the arbitration provision.

The payment and the promise to pay the following month given to Sternberg in writing also disposes of the counterclaim for overpayment and supports the judgment on that issue.

Sternberg assigned as cross error the order of the court refusing to foreclose the mechanic's lien. The court did not commit error in this regard. The buildings were never started. Sternberg waited until the final of the two installments was due before filing suit to foreclose his mechanic's lien. The statute provides that a suit must be commenced within six months after the last work is completed, and the only work on this project was Sternberg's drawings. According to both Sternberg's version and the court's findings, the date Sternberg finished his working drawings on which he predicates his demand for payment was December 11, 1962. Thus Sternberg's suit to foreclose was too late.

Yosemite relies on this finding of the court in support of its assertion that the court erred and was inconsistent in not allowing its claim for damages for slander of title. However, for Yosemite to recover, it was its burden to prove that the recording of the notice of the commencement of the action to foreclose was done maliciously, either express or implied. The court found that malice was not proven. We agree that the record was devoid of such proof.

The judgments are affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.