**MEURER, SERAFINI & MEURER, INC.**
**Plaintiff-Appellant,**

v.

**SKILAND CORPORATION,**
**Defendant,**

**Associates Capital Company, Inc., and Van Schaack & Company, Defendants-Appellees,**

**No. 75–692.**

Colorado Court of Appeals,
Div. I.

June 17, 1976.

Calkins, Kramer, Grimshaw & Harring, Roger A. Landholm, Denver, for plaintiff-appellant.

Kleinsmith & Johnson, Philip M. Kleinsmith, Colorado Springs, for defendant-appellee Associates Capital Co., Inc.

Alter, Zall & Haligman, P. C., Edward I. Haligman, Jack Silver, Denver, for defendant-appellee Van Schaack & Co.

RULAND, Judge.

Plaintiff, Meurer, Serafini & Meurer, Inc., (Meurer), appeals from a summary judgment dismissing its action to foreclose a mechanic's lien. We reverse.

The facts pertinent to this review are not disputed. Defendant Skiland Corporation was the original owner of real property on which "townhouses" were to be erected; Skiland acted as its own contractor for the project. Defendants Associates Capital Company, Inc., and Van Schaack & Company, held deeds of trust on the property as security for monies advanced to Skiland.

■ Meurer performed engineering, surveying, and management services in connection with the project. The parties agreed that Meurer's work on the project was properly classified as the work of a materialman under subsection (5) of § 38–22–109, C.R.S.1973, (hereafter section 109), which required that a lien statement be filed within three months "after the day on which the last labor was performed or the last material furnished by such lien claimant," and that Meurer filed a timely lien statement on July 19, 1974.[1] However, Meurer did not initiate its lien foreclosure action and file a notice of lis pendens pursuant to § 38–22–110, C.R.S.1973, (hereafter section 110), until February 6, 1975, which was more than six months after Meurer performed its last work on the project. The record does not reflect when the project was completed, but the record does reflect that another subcontractor, Imperial Plumbing and Heating, was working on the project as late as November 26, 1974.

During the course of the proceedings below, Associates and Van Schaack foreclosed on their respective deeds of trust and were adjudicated to be the owners of the property. Skiland confessed judgment to Meurer in the amount of its claim. However, Associates and Van Schaack prevailed in their motion for summary judgment, contending that since Meurer did not initiate a foreclosure proceeding within six months after its last work on the project, Meurer's lien was extinguished pursuant to section 110. We disagree.

Insofar as pertinent here, section 110 provides:

"No lien claimed . . . shall hold the property longer than six months *after the last work or labor is performed, or materials furnished, or after the completion of the* . . . *improvement* . . . *as prescribed in section 38–22–109,* unless an action has been commenced *within that time* to enforce the same, and unless also a notice stating that such action has been commenced is filed for record within that time . . .." (emphasis supplied)

The clause "within that time" was interpreted by our Supreme Court in *Pacific Lumber Co. v. Lieberman,* 76 Colo. 332, 231 P. 673. In that case a materialman had furnished his last materials on May 3, the building was completed on June 16, and suit was commenced on November 12 of the same year. Hence, the materialman's action to foreclose was commenced more than six months after materials were last supplied, but within six months after the building was completed. There, as here, the landowner contended that a materialman must file a foreclosure action within six months after that materialman last furnished materials. However, the Court held that section 110 also authorized a materialman to commence suit within six months after the building was completed. Two reasons were given for this interpretation of the statute. First, the Court relied upon a literal interpretation of the word "or." Second, the Court noted that since section 110 referred to section 109, the two statutes must be construed together, and that the landowner's construction would make them inconsistent. The inconsistency would have resulted because a materialman was not obligated under the prior version of section 109 to file a lien statement until two months after a building was completed; accordingly, in those cases where completion of a building required more than six

---

1. Section 109 was again amended in 1975 to alter various time limitations relative to lien statements. *See* § 38–22–109, C.R.S.1973 (1975 Supp.). The amendments are not applicable to this case.

months after the materialman furnished any material, the landowner's interpretation would have obligated the materialman to file suit even before the required filing of a lien statement.

Associates and Van Schaack note that section 109 was amended in 1965 by adding subsection (5), which required that a materialman file a lien statement within three months after he last supplied labor or material as distinguished from when a project was completed. *Colo.Sess.Laws* 1965, ch. 215 at 851. Hence, they argue that the amendment eliminated the inconsistency which was of concern to the Court in *Pacific Lumber,* and that, therefore, section 110 must now be construed as requiring the materialman to file suit within six months after he last furnishes material. However, we conclude that the Court's interpretation of section 110 in *Pacific Lumber* still applies and that since Meurer commenced its foreclosure action within six months after work was done on the project, the action was timely.

 First, section 110 has not been amended since it was construed in *Pacific Lumber* and thus we must assume that the General Assembly was cognizant of and approved the Court's interpretation of that section. *People v. Cooke,* 150 Colo. 52, 370 P.2d 896. Second, subsection (10) was also added to section 109 in 1965, and this subsection authorized a materialman to file a notice and thereby defer filing a lien statement until three months after the "completion of the structure or other improvement." Colo.Sess.Laws 1965, ch. 215, at 853. Thus, the interpretation of section 110 urged by Associates and Van Schaack would create an inconsistency similar to that noted in *Pacific Lumber.* By way of illustration, in a case where the materialman filed the requisite notice under subsection (10), but the project was not completed within six months after he last supplied materials, the materialman would be obligated to file suit under section 110 even before he was required to file a lien statement under section 109.

Since we view *Pacific Lumber* as dispositive of this appeal, we need not discuss Meurer's other contentions.

The judgment is reversed and the cause remanded with directions to reinstate Meurer's complaint and for further proceedings not inconsistent with the views herein expressed.

COYTE and PIERCE, JJ., concur.