BECO EQUIPMENT CO., INC., a Colorado Corporation, Plaintiff-Appellant,

v.

O. Wesley BOX, a/k/a Wesley Box, Defendant-Appellee,

Cooper Motors, Inc., a Colorado Corporation, d/b/a Michael Leasing, Inc., Defendant.

MICHAEL LEASING, INC., Plaintiff-Appellant,

v.

Wesley BOX, Defendant-Appellee,

Beco Equipment Co., Inc., Defendant.

No. 77–1105.

Colorado Court of Appeals, Div. II.

Feb. 28, 1980.

Eric Pierson, Aurora, for Beco Equipment Co., Inc.

Fischer & Wilmarth, Elery Wilmarth, Stephen E. Howard, Fort Collins, for Michael Leasing, Inc.

Berenbaum & Berenbaum, Edwin G. Perlmutter, Denver, Yegge, Hall & Evans, Thomas R. Bromberg, Denver, for defendant-appellee.

RULAND, Judge.

We affirm the summary judgment of the district court determining that plaintiffs, Michael Leasing, Inc., and Beco Equipment

Co., Inc., are not entitled to claim mechanic's liens against the property of defendant O. Wesley Box.

 Lessors of equipment such as Michael Leasing and Beco that provide equipment to a sub-contractor for a construction project must establish entitlement to a lien pursuant to § 38–22–101(1), C.R.S.1973. And, in order to establish that entitlement, the statute has been construed to require that the claimant know, *at the time the lienable work is first performed,* where the property is located which may be subjected to a lien. *Tabor-Pierce Lumber Co. v. International Trust Co.,* 19 Colo.App. 108, 75 P. 150 (1904); *see also B. F. Salzer Lumber Co. v. Lindenmeier,* 54 Colo. 491, 131 P. 442 (1913).

We find no support for Michael Leasing's contention that the General Assembly intended to exclude lessors from this requirement in the 1965 amendments to the mechanic's lien statute. *See* C.R.S.1963, 86–3–1 (1965 Perm.Supp.). Indeed, where, as here, a statute is reenacted without change in the language which has received prior judicial construction, "it must be considered that the particular statute is reenacted with the understanding that there be adherence by the judiciary to its former construction." *Crownover v. Gleichman,* 194 Colo. 48, 574 P.2d 497 (1977). *See also Meurer, Serafini & Meurer, Inc. v. Skiland Corp.,* 38 Colo.App. 61, 551 P.2d 1089 (1976).

We have considered Michael Leasing's other contentions and conclude that, based upon the record before us, these contentions lack merit.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.