**MERRICK & COMPANY, a Colorado corporation, Plaintiff–Appellant,**

v.

**ESTATE OF Anton C. VERZUH, Deceased, Defendant–Appellee.**

**No. 98CA1064.**

Colorado Court of Appeals, Div. V.

Sept. 16, 1999.

Bratton & McClow, LLC., John H. McClow, Kathleen L. Jacob, Gunnison, Colorado, for Defendant–Appellee

Burns, Wall, Smith & Mueller, P.C., Robert T. Cosgrove, Philip A. Rouse, Jr., Denver, Colorado, for Plaintiff–Appellant

Opinion by Judge ROTHENBERG.

Plaintiff, Merrick and Company (Merrick), appeals the summary judgment entered in favor of defendant, the Estate of Anton C. Verzuh (Estate), based on the trial court's determination that Merrick's action to foreclose on its mechanic's lien was untimely filed. The issue presented in this appeal is whether the abandonment provisions of § 38–22–109(7), C.R.S.1999, apply to extend the time for commencement of a foreclosure action under § 38–22–110, C.R.S.1999. Because we conclude that § 38–22–109(7) would extend the filing period if Merrick had abandoned work on the project before its completion, and because there are genuine issues of material fact remaining whether such abandonment occurred, we reverse the summary judgment and remand for further proceedings.

## I.

Merrick is a Colorado corporation which provides engineering, surveying, and construction management services. In 1995, the Estate entered into a purchase and sale agreement regarding the sale of certain vacant land for development. In connection with that agreement, Merrick contracted with the purchaser to perform engineering services.

Merrick performed work under the contract and submitted invoices for payment. The invoices were not paid and Merrick stopped work on June 14, 1996. In August 1996, Merrick recorded a statement of lien for $112,000.

In October 1996, the purchaser filed bankruptcy, the purchase agreement was terminated, and the land was not developed. Merrick then filed this foreclosure action against the Estate on December 26, 1996, which was more than six months after Merrick had ceased work on the project.

The Estate moved for summary judgment asserting that Merrick's action was untimely. The trial court concluded the action had not been filed within six months after work had ceased and granted the motion.

Merrick then moved for reconsideration of the summary judgment order, claiming the court had overlooked evidence that Merrick's contract with the purchaser had not been completed. Merrick contended that § 38–22–109(7), C.R.S.1999, applied to extend the filing period an additional three months and, therefore, that its action had been timely filed. On reconsideration, the trial court agreed that the evidence raised an issue of material fact whether the contract had been completed. But, it concluded that § 38–22–109(7) was inapplicable because no building, structure, or improvement was ever constructed on the property.

The court thus denied Merrick's motion for reconsideration.

## II.

Merrick contends the trial court erred in entering summary judgment. We agree.

Summary judgment is a drastic remedy and should only be granted upon a clear showing that there is no genuine issue of material fact. *Smith v. Boyett,* 908 P.2d 508 (Colo.1995).

Engineers who perform professional services have a lien against the property upon which they rendered services if the services are performed at the request of the owner or a person acting under the owner's authority, even though no building or improvement is ever constructed. Section 38–22–101, C.R.S. 1999; *see James H. Stewart & Associates, Inc. v. Naredel of Colorado, Inc.,* 39 Colo. App. 552, 571 P.2d 738 (1977)(§ 38–22–101 does not require erection of building or improvements as a condition precedent to establishment of a lien right for architectural services).

Such professional services constitute work done on a building, structure, or other

improvement. *See Weather Engineering & Manufacturing, Inc. v. Pinon Springs Condominiums, Inc.*, 192 Colo. 495, 563 P.2d 346 (1977) (preliminary work of an architect or engineer constitutes commencement of work upon a structure or improvement); *Bankers Trust Co. v. El Paso Pre-Cast Co.*, 192 Colo. 468, 560 P.2d 457 (1977)(engineering services constituted commencement of work upon a structure or improvement for purposes of § 38–22–106(1), C.R.S.1999); *Seracuse Lawler & Partners, Inc. v. Copper Mountain*, 654 P.2d 1328 (Colo.App.1982)(architect's preliminary work constitutes commencement of an improvement or a structure).

■ Once a lien right is established, a lien claimant can foreclose upon the lien if the claimant complies with the other provisions of the General Mechanics' Lien Statute, § 38–22–101, et seq., C.R.S.1999. Among these provisions is § 38–22–110, C.R.S.1999, which limits the time period within which a foreclosure action on a mechanic's lien may be brought.

Section 38–22–110 states in relevant part that:

No lien claimed by virtue of this article, as against the owner of the property ... shall hold the property longer than six months after the last work or labor is performed, or materials furnished, *or after the completion of the building, structure, or other improvement,* or the completion of the alteration, addition to, or repair thereof, *as prescribed in section 38–22–109,* unless an action has been commenced within that time to enforce the same .... (emphasis added)

■ Thus, under § 38–22–110, a lien claimant must bring a foreclosure action within six months after one of the following dates, whichever occurs last: (1) the date of last work performed; (2) the date of last materials furnished; or (3) the date of completion of the building or improvement. *See Pacific Lumber Co. v. Lieberman,* 76 Colo. 332, 231 P. 673 (1924) (materialman may bring suit anytime within six months after last material furnished or within six months after completion of building); *Meurer, Serafini & Meurer, Inc. v. Skiland Corp.,* 38 Colo.App. 61, 551 P.2d 1089 (1976)(interpre-

tation from *Pacific Lumber* allows claimant to bring action within six months after furnishing material or within six months after completion of project).

Section 38–22–109(7) clarifies whether "completion" has occurred under § 38–22–110 and provides that:

No trivial imperfection in or omission from the said work ... shall be deemed a lack of completion.... For the purposes of this section, abandonment of all labor, work, services, and furnishing of materials *under any unfinished contract or upon any unfinished building, improvement, or structure,* or the alteration, addition to, or repair thereof, shall be deemed equivalent to a completion thereof. *For the purposes of this section, abandonment means discontinuance of all labor, work, services, and furnishing of materials for a three-month period.* (emphasis added)

■ Once a mechanic's lien claimant shows that the right to a lien exists, the mechanics' lien statutes should be liberally construed in favor of the lien claimant. *See Bankers Trust Co. v. El Paso Pre-Cast Co., supra.* Further, a statute should be construed as a whole so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

■ Construing § 38–22–109(7) and § 38–22–110 together, we conclude that the abandonment provisions in § 38–22–109(7) are applicable in situations where: (1) work is abandoned pursuant to an unfinished contract for work on a building, improvement, or structure; or (2) the entire project is abandoned and the building, improvement, or structure goes unfinished. We further conclude that abandonment occurs at the end of the three month period, not at the beginning. *See* 1C C. Krendl, *Colorado Methods of Practice* § 48.19 (4th ed.1997)(where improvements are not fully completed and work is abandoned, § 38–22–109(7) effectively allows nine months after the date of last work on the project to commence a foreclosure action).

■ Here, the trial court determined that the purchaser had entered into the contract with Merrick to perform engineering and surveying services on the subject property

with the Estate's authority, giving Merrick a mechanic's lien against the property. Relying on *Colorado Real Estate & Development, Inc. v. Sternberg,* 164 Colo. 184, 433 P.2d 341 (1967), however, the trial court concluded that § 38–22–109(7) did not extend the six-month limitation period of § 38–22–110 for an additional three months because no work other than Merrick's had been performed and no building, improvement, or structure had been constructed on the property.

However, in *Sternberg,* the trial court refused to allow foreclosure of a mechanics' lien because the lien foreclosure action was brought more than six months after architectural services had been completely performed. The supreme court upheld the ruling, holding that actions to foreclose mechanics' liens must be commenced within six months after the last work has been completed. And, because the architectural work was the only work performed, the court held the foreclosure action was untimely filed.

Hence, in *Sternberg,* the architectural services had been completely performed, whereas here the trial court found there was a genuine issue of material fact whether the contract was completed. Further, *Sternberg* did not address the applicability of § 38–22–109(7) or the question of abandonment because the issue did not arise. Accordingly, *Sternberg* is distinguishable.

We therefore conclude that Merrick's engineering services contract constituted work on a building or improvement, and that § 38–22–109(7) would extend the filing period if Merrick had abandoned work on the project before its completion. Because the trial court found there was a genuine issue of material fact whether Merrick had abandoned its contract before completion, summary judgment should not have been entered.

The judgment is reversed and the cause is remanded for further proceedings.

Judge TAUBMAN and Judge ROY concur.