**Jeff MANGONE, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

**v.**

**U–HAUL INTERNATIONAL, INC., a foreign corporation; and U–Haul Co. of Colorado, a Colorado corporation, Defendants–Appellees.**

No. 98CA1008.

Colorado Court of Appeals, Div. III.

Sept. 16, 1999.

Rehearing Denied Nov. 4, 1999.

Certiorari Denied Sept. 5, 2000.

Norton Frickey & Associates, Leif Garrison, Robert B. Carey, Colorado Springs, Colorado, for Plaintiff–Appellant.

Perkins Coie LLP, B. Lawrence Theis, Mary Beth Searles, Denver, Colorado, for Defendants–Appellees.

Opinion by Justice ERICKSON.*

In this class action, plaintiff, Jeff Mangone, on behalf of himself and all others similarly situated, appeals the limited dismissal of certain claims entered in favor of defendants, U–Haul International, Inc., and U–Haul Co. of Colorado (collectively U–Haul). We affirm in part, reverse in part, and remand for further proceedings.

When renting vehicles U–Haul offers "Safe-Move" and "SafeTow" to customers. Safe-Move is a trademark registered protection package that provides damage coverage to the vehicles that its customers rent and their cargo, and provides medical and life insurance protection to the lessee. Also included in this package is a collision damage waiver that relieves customers of any liability for accidental damage to the rental vehicle.

Similarly, SafeTow, another trademark registered service, relieves the lessee of any damage to a rented tow bar, tow dolly, or auto transport trailer, provides medical and life coverage to the lessee and his or her passengers, and covers accidental damage to the lessee's towed vehicle.

Plaintiff rented a small cargo van and tow dolly, and was charged $70 for SafeMove and $40 for SafeTow. Thereafter, he brought this class action claiming that U–Haul had engaged in deceptive trade practices in violation of §§ 6–1–105(1)(e), 6–1–105(1)(u), and 6–1–105(1)(z), C.R.S.1998, of the Colorado Consumer Protection Act (CCPA), and civil conspiracy. Pursuant to C.R.C.P. 12(b)(5), U–Haul then filed this limited motion to dismiss plaintiff's claim based on § 6–1–105(1)(z). The trial court granted plaintiff's motion and this appeal followed.

## I.

### A.

Plaintiff contends that the trial court erred in determining that the collision dam-age waiver components of SafeMove and Safe-Tow are not insurance. We conclude that due process considerations prohibit imposition of liability under § 6–1–105(1)(z).

The record does not include a copy of the purported insurance documents and only descriptions of the protection packages are before us.

A C.R.C.P. 12(b)(5) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the formal sufficiency of the complaint. In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. Trial courts and an appellate court apply the same standard in evaluating motions to dismiss. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909 (Colo.1996).

Plaintiff's complaint alleged, as pertinent here, that by selling collision damage waivers without an insurance license, defendants had violated the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S.1998. At this time the issue whether a collision damage waiver is "insurance" has not been decided in Colorado. *See United States Fidelity & Guaranty Co. v. Budget Rent–A–Car Systems, Inc.*, 842 P.2d 208 (Colo.1992). Hence, defendants moved to dismiss this claim as it relates to the collision damage waiver element of the products sold. Defendants argued that, because the issue had not been decided, it would be a violation of defendants' due process rights to hold them responsible for selling collision damage waivers without a license to sell insurance.

The trial court agreed with defendants. It held that defendants could not be held to know that a collision damage waiver was an insurance contract; therefore, it dismissed that portion of the claim.

Thus, even though plaintiff postures his first issue on appeal as "whether the trial court erred in determining that the collision damage waiver components of SafeMove and

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

SafeTow are not insurance," that issue was not decided by the trial court. Therefore, that issue is not presented by this appeal. *See Committee for Better Health Care v. Meyer*, 830 P.2d 884 (Colo.1992) (an appellate court may consider only issues that have actually been determined in the first instance by a trial court or agency). Instead, the issue is whether the trial court correctly determined that due process concerns prohibited imposing liability for selling collision damage waivers without an insurance license.

The CCPA requires a person or entity to acquire "all governmental licenses or permits required to perform the services or to sell the goods, food, services, or property" at issue. *See* § 6–1–105(1)(z), C.R.S.1998. Similarly, other statutes require persons selling insurance to obtain licenses therefor. *See* § 10–2–401, C.R.S.1998.

■ When, as here, a regulatory statute imposes a criminal or civil sanction, due process requires that the statute make reasonably clear to those intended to be affected what conduct lies within its scope. *See People v. Ro'Mar*, 192 Colo. 428, 559 P.2d 710 (1977). Thus, a statute that either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and might differ as to its application violates due process. *See People v. Ro'Mar, supra.*

Here, the Consumer Protection Act does not provide notice of any requirement to obtain a license to sell collision damage waivers. Notice is only given that it is a violation of the Act to fail to obtain "all governmental licenses or permits required."

Consequently, because no statute or appellate decision has defined "insurance" to include collision damage waivers, *see United States Fidelity & Guaranty Co. v. Budget Rent–A–Car Systems, Inc., supra,* and the Colorado Supreme Court has declared that the issue of whether a collision damage waiver is insurance has not been resolved, we conclude that the trial court correctly held that plaintiff could not recover on his claim that the defendants violated the licensing requirement.

### B.

■ Plaintiff, for the first time on appeal, contends that defendants should be equitably and/or judicially estopped from claiming that their SafeMove and SafeTow protection packages are not insurance. However, plaintiff did not raise this issue before the trial court, and the issue was not properly preserved for appellate review. *See Public Service Co. v. Willows Water District*, 856 P.2d 829 (Colo.1993) (an issue is not properly preserved for appellate review if it is not presented to the trial court and is raised for first time on appeal).

### II.

■ Even if collision damage waivers are not insurance, plaintiff contends that the SafeMove and SafeTow packages are indivisible and, therefore, their cost must be included in plaintiff's damages under the Consumer Protection Act. We conclude that the cost of the collision damage waivers should not be excluded from plaintiff's remaining claims.

Here, the trial court found that no damages could be recovered on the waiver issue under the facts and state of the law and, therefore, excluded that portion of the SafeMove and SafeTow purchase price from plaintiff's damages.

Plaintiff, however, alleged that U–Haul also violated § 6–1–105(1)(e) of the Consumer Protection Act because it knowingly made false representations about the characteristics, uses, and advantages of SafeMove and SafeTow, and that it failed to disclose or misrepresented information critical to his decision to purchase the two services and induced him to purchase these products in violation of § 6–1–105(1)(u).

Since these allegations relate to the collision damage waiver and are independent of plaintiff's claim pursuant to § 6–1–105(1)(z), and were not challenged by U–Haul's motion to dismiss, we conclude that plaintiff's damages must be measured by the full cost of the SafeMove and SafeTow packages.

Thus, although plaintiff cannot recover damages under his § 6–1–105(1)(z) claim, the trial court erred in excluding that portion of

the purchase price related to collision damage waivers from plaintiff's non-insurance claims pursuant to §§ 6–1–105(1)(e) and § 6–1–105(1)(u).

Accordingly, that part of the judgment dismissing plaintiff's claim pursuant to § 6–1–105(1)(z) is affirmed, that part of the judgment excluding from plaintiff's damages that portion of the SafeMove and SafeTow purchase price related to the collision damage waiver is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judge NEY and Judge CASEBOLT concur.