In the Interest of **GREEN VALLEY FINANCIAL HOLDINGS,** Appellant,

**Jerrald A. Green, Trustee–Appellant,**

v.

**Edna M. Green and the Estate of James L. Green, Appellees.**

No. 00CA2060.

Colorado Court of Appeals, Div. IV.

Aug. 16, 2001.

Lindsey & Bruce, P.C., Robert J. Bruce, Denver, CO, for Appellant and Trustee–Appellant.

Ballard Spahr Andrews & Ingersoll, LLP, Jeffrey R. Davine, Denver, CO; Ciancio & Jonsen, P.C., Eric R. Jonsen, Westminster, CO, for Appellees.

Opinion by Judge RULAND.

In this probate proceeding, Green Valley Financial Holdings (trust) and Jerrald A. Green (trustee) appeal from the judgment of the trial court granting the petition of Edna M. Green and the Estate of James L. Green to terminate the trust. We affirm.

James and Edna Green, acting on the advice of their son, trustee, transferred a major portion of their property into the trust. The purpose was to obtain certain tax advantages and to accomplish some estate planning.

The Greens received the only certificates of beneficial interest issued for the trust, which gave them the right to receive trust distributions if any were made. Trustee was designated as the sole trustee and trust protector.

Later, when the Greens determined that the trust was depriving them of their current support and that estate tax savings would not result from the transaction, they demanded that the trust be terminated. Trustee refused.

The Greens then commenced a civil action to have the trust declared invalid. While that action was pending, James Green died, and Edna Green was appointed personal representative of his estate. Acting on her own behalf and in her capacity as personal representative, Edna Green filed the petition to terminate the trust here at issue.

Following an evidentiary hearing, the probate court found that the trust was not a business trust. The court also found that Edna Green and the estate, as the trust's sole beneficiaries, were entitled to demand its termination. Accordingly, the court ordered that title to the trust assets be vested in the beneficiaries and that thereafter the trust be terminated. This appeal by trustee and the trust followed.

## I.

The proponents of the trust first contend that the probate court was without jurisdiction to enter its order. In doing so, they rely upon § 15–10–201(56), C.R.S.2000, of the Colorado Probate Code, which specifically excludes from its application "business trusts providing for certificates to be issued to beneficiaries." We are not persuaded.

The probate court acknowledged that the Greens had received the certificates for the trust. However, it determined that the trust was not a business trust and that, therefore, it could award the relief requested in a probate proceeding. We agree with the probate court's ruling.

■ A business trust, also known as a Massachusetts trust or a common law trust, is a business organization in trust form. Herbert B. Chermside, Jr., Annotation, *Modern Status of the Massachusetts or Business Trust*, 88 A.L.R.3d 704 (1978). Although Colorado has no statutory law authorizing the formation of business trusts, there are statutory references to this type of entity in other contexts. *See, e.g.,* § 4–1–201(28), C.R.S.2000 (under the Uniform Commercial Code, "organization" includes a business trust); § 6–1–102(6), C.R.S.2000 (under the Consumer Protection Act, "person" includes a business trust); § 7–101–401(17), C.R.S. 2000 (under the Business Corporation Act, "entity" includes a business trust); § 13–62.1–101(9), C.R.S.2000 (under the Uniform Foreign–Money Claims Act, "person" includes a business trust); § 38–13–102(3.5), C.R.S.2000 (under the Unclaimed Property Act, "business association" includes a business trust).

The proponents rely upon *Wimer & Co. v. Downs, Inc.,* 77 Colo. 377, 237 P. 155 (1925), and *Todd v. Ford,* 92 Colo. 392, 21 P.2d 173 (1933), to support their contention. In each case, the courts concluded that the unit holders or parties to the trust were bound by certain terms of the trust agreement. However, neither of those cases addressed the appropriate analysis for determining whether a trust is in fact a business trust.

We find such an analysis in *Koenig v. Johnson,* 71 Cal.App.2d 739, 163 P.2d 746 (1945). There, the court observed that in business trusts, the object is not to hold and conserve a particular property, but to provide a medium for the conduct of business and the sharing of profits. The court held that the nature of a trust as a business organization is to be determined primarily from the intent of the parties as manifested in the terms of the trust agreement.

■ Applying that analysis here, we note that the "Declaration of Purpose" in the trust agreement provides for the "administration, hypothecation and investment of [trust assets] ... to preserve, conserve, maintain, invest, and develop the assets for the benefit of the beneficiaries." Conversely, the declaration does not state that the trust has been formed for the purpose of conducting a business venture.

Next, the trust agreement confers upon the trustee, as his "prime responsibility," management of the trust assets in such a manner as to " 'insure predominate consideration' for the welfare of the certificate holders." Finally, Edna Green testified without objection that she and her husband had agreed to the trust arrangement because the assets were "too much for both of us to take care of all the time, and we reached our [sic] age that it's time to slow down."

We recognize that the agreement authorizes the trust to carry on a business. However, that fact is not determinative. Trust fiduciaries generally have the power to participate in the operation of a business activity or enterprise. *See* § 15–1–804(*l*), C.R.S. 2000.

Finally, while certain provisions support characterization of the agreement as a business trust, other provisions indicate a traditional fiduciary arrangement. For example, the agreement's provisions concerning taxation, apportionment of receipts between principal and income, discretionary distributions for the personal needs of the certificate holders, restriction of free transferability of interests, and spendthrift protection are incompatible with a business entity.

Therefore, when the agreement as a whole is considered in light of its stated purpose and the testimony of Edna Green, we con-

clude, as did the trial court, that the trust was not a business trust. Hence, the Colorado Probate Code did not bar consideration of the petition for termination.

We do not address the proponents' alternative contention that the probate court was foreclosed from issuing its decision because a similar case was pending in the district court. We do not view this issue as having been raised timely in the probate court, and so it is not properly before us. *See Mangone v. U–Haul Int'l, Inc.,* 7 P.3d 189 (Colo.App. 1999).

## II.

The proponents also contend that the probate court erred in terminating the trust at the request of Edna Green and the estate as settlors and beneficiaries. Specifically, because the Greens executed quitclaim deeds to an intermediary in exchange for the certificates of beneficial interest and one hundred dollars, and because the intermediary then conveyed the property to the trust, the proponents argue that the intermediary is the settlor of the trust. We find no error.

The person who furnishes the consideration for the creation of a trust is the settlor, even though in form the trust is created by another person. William F. Fratcher, *Scott on Trusts* § 156.3 (4th ed.1987); *see also Lehman v. Comm'r,* 109 F.2d 99 (2d Cir.1940)(when the decedent's brother transferred the decedent's funds into trust, the decedent was the settlor of trust); *Fordyce v. Fordyce,* 80 Misc.2d 909, 365 N.Y.S.2d 323 (1974)(trust under a pension plan created by collective bargaining agreement to which the employer and employees contributed was not a trust created in whole or in part by the employees).

Further, if the settlor and all of the beneficiaries consent to termination of a trust and none of them is incapacitated, they can compel termination even though the purposes of the trust have not been accomplished. Restatement (Second) of Trusts § 338(1) (1959). This rule is applicable even though, as here, the trust agreement specifically provides that the trust shall be irrevocable. Restatement, *supra,* § 338 cmt. a.

The record supports the trial court's finding that the Greens contributed the property that created the trust and, thus, were its settlors. The record also supports the court's finding that Edna Green and the estate of James Green were the sole beneficiaries of the trust. Finally, it is undisputed that, prior to his death, James Green had unequivocally expressed his wish that the trust be terminated. Therefore, the personal representative of his estate in this instance was not giving consent, but rather was acting upon the prior consent of James Green himself, rendered while he had the capacity to give it.

Under these circumstances, we conclude that the trial court did not err in ordering that the trust assets be returned to Edna Green and the estate and that the trust be terminated.

The judgment is affirmed.

Judge ROTHENBERG and Judge VOGT concur.