24CA1132 Bobby Hill v JP Antlers 03-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1132
El Paso County District Court No. 23CV31012
Honorable Gregory R. Werner, Judge

Bobby Hill Designs, LLC, a Colorado limited liability company,

Plaintiff-Appellant,

v.

JP Antlers, LLC, a Colorado limited liability company,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

Mulliken Weiner Berg & Jolivet, P.C., Karl A. Berg, Jr., Olivia M. Urso, Colorado Springs, Colorado, for Plaintiff-Appellant

Linden Kominek, P.C., Vincent L. Linden, Mary Kominek Linden, Colorado Springs, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Bobby Hill Designs, LLC, appeals the district court's entry of summary judgment in favor of defendant, JP Antlers, LLC, on its claim to foreclose on its mechanic's lien.  We affirm.

## I.    Background

¶ 2    In 2021, JP Antlers agreed to sell the Antlers Hotel in Colorado Springs (the property) to BP Antlers Residential, LLC, which intended to convert the property into apartments.[1]  Around the same time, Ourmark, LLC retained Bobby Hill Designs to provide specified design, architectural, and engineering services for the project.  One of BP Antlers Residential's managers, Nathan Taylor, was also Ourmark's president.  Although Ourmark apparently never signed the contract with Bobby Hill Designs, Bobby Hill Designs prepared design development documents at Ourmark's direction and hired two subcontractors to assist on the project.  JP Antlers never entered into a contract with Bobby Hill Designs.

¶ 3    The sale of the property from JP Antlers to BP Antlers Residential eventually fell through before any physical construction began at the property.  Because it wasn't paid for its services,

---

[1] Although JP Antlers and BP Antlers Residential share similar names, the two are separate and unrelated entities.

Bobby Hill Designs filed a mechanic's lien against the property in the amount of $426,429.58.

¶ 4 In 2023, Bobby Hill Designs filed a complaint to foreclose on its mechanic's lien against JP Antlers and several other defendants. By the time the case reached the summary judgment stage, the sole remaining claim was Bobby Hill Designs' foreclosure claim against JP Antlers. JP Antlers moved for summary judgment, arguing that it never contracted with Bobby Hill Designs and Bobby Hill Designs wasn't eligible for a mechanic's lien because it never participated in any of the activities enumerated in section 38-22-105(1), C.R.S. 2024, a provision within Colorado's mechanic's lien statutes.

¶ 5 The district court agreed with JP Antlers and granted summary judgment in its favor. As relevant to this appeal, the court concluded that Bobby Hill Designs wasn't entitled to foreclose on its mechanic's lien claim under section 38-22-105(1) because it hadn't presented any evidence that it participated in the erection, construction, alteration, removal, addition, or repair of any building, structure, or other improvement "upon or in any land." § 38-22-105(1).

¶ 6      Bobby Hill Designs now appeals. It argues that the district court erred by (1) concluding that it wasn't entitled to foreclose on its mechanic's lien under section 38-22-105(1); and (2) overlooking genuine issues of material fact regarding JP Antlers' knowledge of its design work that precluded summary judgment.

## II. Standard of Review

¶ 7      We review a district court's order granting or denying summary judgment de novo. *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 19. Summary judgment is appropriate only when no genuine issues of material fact are disputed and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Quarky, LLC v. Gabrick*, 2024 COA 76, ¶ 10. Like the district court, we give the nonmoving party the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts and resolve all doubts against the moving party. *City of Fort Collins v. Colo. Oil & Gas Ass'n*, 2016 CO 28, ¶ 8.

¶ 8      We similarly review questions of statutory interpretation de novo. *Trinidad Area Health Ass'n v. Trinidad Ambulance Dist.*, 2024 COA 113, ¶ 23. Our primary goal when interpreting a statute is to effectuate the General Assembly's intent. *Id.* We apply words and

phrases according to their plain and ordinary meaning. *Id.* In doing so, we look to the entire statutory scheme to give consistent, harmonious, and sensible effect to all its parts. *Id.*

### III.    Applicable Law

¶ 9    Under the mechanic's lien statutes, §§ 38-22-101 to -133, C.R.S. 2024, one who supplies materials or labor to enhance the value of property is entitled, under certain circumstances, to a lien upon the property to the extent goods or services are provided. *Thirteenth St. Corp. v. A-1 Plumbing & Heating Co.*, 640 P.2d 1130, 1133 (Colo. 1982).  Architects who have furnished plans or other architectural services are among those professionals afforded protection.  *See* § 38-22-101(1); *Seracuse Lawler & Partners, Inc. v. Copper Mountain*, 654 P.2d 1328, 1330 (Colo. App. 1982).

¶ 10    An architect may establish a mechanic's lien for their architectural services through two methods.  *Seracuse*, 654 P.2d at 1330.  First, an architect who provides "designs, plans, plats, maps, specifications, drawings, estimates of cost, surveys, or superintendence, or . . . other professional or skilled service[s]" at the request of the property owner or their agent for "work done or to be done" is entitled to a lien upon the property.  § 38-22-101(1).

Under this method, however, the property owner or their agent must have contracted for the architectural services before the lien may attach. *Seracuse*, 654 P.2d at 1330 (citing *Thirteenth St.*, 640 P.2d 1130).

¶ 11 Second, if no contract for services exists, an architect may nonetheless establish a mechanic's lien by participating in certain enumerated activities "upon or in any land with the knowledge of the owner or reputed owner of such land, or of any person having or claiming an interest therein." § 38-22-105(1). Specifically, the architect must have participated in the erection, construction, alteration, addition, removal, or repair of any building, structure, or other improvement on the property. *Id.*; *see Chambliss/Jenkins Assocs. v. Forster*, 650 P.2d 1315, 1318-19 (Colo. App. 1982). An architect may satisfy this part of the statute by showing that project staff performed one of the statute's enumerated activities on the property "pursuant to" plans or specifications prepared by the architect. *Seracuse*, 654 P.2d at 1330.

¶ 12 With these statutory provisions and legal principles in mind, we now turn to Bobby Hill Designs' contentions.

## IV. Unpreserved Contentions

¶ 13     At the outset, we agree with JP Antlers that to the extent Bobby Hill Designs relies on the first method for establishing a mechanic's lien claim — section 38-22-101(1) — it failed to preserve this argument.

¶ 14     While we don't require talismanic language to preserve an issue, *In re Estate of Owens*, 2017 COA 53, ¶ 21, we generally won't address for the first time on appeal issues that weren't raised before the district court, *Mangone v. U-Haul Int'l, Inc.*, 7 P.3d 189, 191 (Colo. App. 1999).  To preserve an issue for appeal, the party asserting the argument must present "the sum and substance" of the argument to the district court.  *Gebert v. Sears, Roebuck & Co.*, 2023 COA 107, ¶ 25 (quoting *Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50).

¶ 15     In this case, Bobby Hill Designs' complaint didn't identify a specific statutory basis for its mechanic's lien foreclosure claim. When JP Antlers moved for summary judgment under both methods for establishing a mechanic's lien, sections 38-22-101(1) and 38-22-105(1), Bobby Hill Designs responded in opposition by addressing only the latter.  Given this, Bobby Hill Designs didn't

6

preserve its argument under the first method, section 38-22-101(1). *See Mangone*, 7 P.3d at 191.

¶ 16    In its reply brief, Bobby Hill Designs appears to acknowledge this lack of preservation, explaining that its entitlement to a mechanic's lien under the second method, section 38-22-105(1), constitutes its "primary argument" but that support for its argument is "found throughout" the mechanic's lien statutes. While we recognize that we must construe the mechanic's lien statutory scheme as a whole, *Trinidad Area Health Ass'n*, ¶ 23, we decline to consider whether Bobby Hill Designs was entitled to foreclose on its mechanic's lien under section 38-22-101(1) specifically.

### V.    Section 38-22-105(1)

¶ 17    Turning to Bobby Hill Designs' preserved arguments, it contends that the district court erred by granting summary judgment in favor of JP Antlers because section 38-22-105(1) doesn't require that an architect make physical improvements to the property. We aren't persuaded.

¶ 18    Similar to its argument on appeal, Bobby Hill Designs opposed JP Antlers' summary judgment motion by arguing that its design services constituted an improvement that established a valid

mechanic's lien under section 38-22-105(1). In support, Bobby Hill Designs leaned on *Seracuse.* In *Seracuse,* a division of this court determined that architects who had furnished designs for a hotel at a ski resort had established a valid mechanic's lien under section 38-22-105(1) because project staff had excavated the site "pursuant to" the architects' plans. 654 P.2d at 1330. Contrary to Bobby Hill Designs' suggestion otherwise, the fact that project staff had initiated an excavation under specifications prepared by the architects was critical to the division's analysis. *See id.* at 1330-31.

¶ 19    We acknowledge that one passage from *Seracuse* — that "[a]n architect's preliminary work constitutes the commencement of an improvement or a structure" — could be interpreted to support Bobby Hill Designs' argument when read in isolation. *Id.* But that passage must be viewed in tandem with section 38-22-105(1)'s list of enumerated activities, which the *Seracuse* division also discussed. *See id.* at 1330; § 38-22-105(1). As the *Seracuse* division's analysis shows, absent an enumerated activity being performed on the property, an architect has no valid mechanic's lien under section 38-22-105(1).

¶ 20    *Chambliss/Jenkins* confirms this by presenting the flip side of

the coin.  650 P.2d 1315.  In that case, a nonprofit corporation

retained an architecture firm to prepare architectural plans for a

proposed cancer center.  *Id.* at 1316-17.  The project eventually fell

through before work at the property commenced, and the nonprofit

failed to pay for the plans, prompting the architecture firm to assert

a mechanic's lien under section 38-22-105.  *Chambliss/Jenkins*,

650 P.2d at 1317-19.  A division of this court rejected the

architecture firm's claim, explaining that the firm hadn't

participated in any of the statute's enumerated activities —

erection, construction, alteration, removal, addition, repair, or other

improvement of a building or structure — on the property.  *Id.* at

1318-19.

¶ 21    We conclude the facts presented here are more akin to

*Chambliss/Jenkins* than *Seracuse*.  All agree that Bobby Hill

Designs didn't participate in any of section 38-22-105(1)'s

enumerated activities "upon or in any land."  Nor did other project

staff perform any of the statute's enumerated activities "pursuant

to" the plans prepared by Bobby Hill Designs.  *Seracuse*, 654 P.2d

at 1330. As a result, the district court didn't err by granting summary judgment in JP Antlers' favor.

¶ 22    We aren't persuaded otherwise by Bobby Hill Designs' reliance on *James H. Stewart & Associates, Inc. v. Naredel of Colorado, Inc.*, 571 P.2d 738, 740 (Colo. App. 1977), which involved a mechanic's lien solely under section 38-22-101(1). That provision affords architects broader protection than under section 38-22-105(1) by entitling the architect to a lien if they furnish plans for "work done or to be done." § 38-22-101(1). Section 38-22-105(1) doesn't contain similar language, nor may we add words to the statute. *See Larrieu v. Best Buy Stores, L.P.*, 2013 CO 38, ¶ 19. Had the General Assembly intended to extend similarly broad protection to architects in section 38-22-105(1), it would have said so expressly. *See, e.g., Pueblo Bancorporation v. Lindoe, Inc.*, 63 P.3d 353, 362 (Colo. 2003) (General Assembly's use of "fair market value" in other statutes shows that it knew how to use the phrase).

¶ 23    *Merrick & Co. v. Estate of Verzuh*, 987 P.2d 950 (Colo. App. 1999), and *Ciancio v. Serafini*, 574 P.2d 876 (Colo. App. 1977), also cited by Bobby Hill Designs, are equally unavailing. Neither case involved a mechanic's lien claim under section 38-22-105(1).

10

¶ 24     Finally, Bobby Hill Designs argues that a genuine issue of material fact precluded summary judgment because JP Antlers' representatives knew that Bobby Hill Designs was preparing designs for the property.  But knowledge by the property's owner is only one of the requirements for a valid mechanic's lien under section 38-22-105(1).  As discussed, the architect must also show that they either participated in one of the statute's enumerated activities on the property or that project staff performed an enumerated activity on the property pursuant to the architect's plans.  *See Seracuse*, 654 P.2d at 1330; *Chambliss/Jenkins*, 650 P.2d at 1318-19.  Neither occurred here.

¶ 25     Accordingly, the district court didn't err by granting summary judgment in JP Antlers' favor on Bobby Hill Designs' claim to foreclose on its mechanic's lien under section 38-22-105(1).

## VI.   Disposition

¶ 26     We affirm the judgment.

JUDGE FREYRE and JUDGE SCHOCK concur.

11